JAMES J. NEALIS, as Receiver of THE NEW YORK SUPPLY COMPANY (LIMITED), Respondent, *v.* AMERICAN TUBE AND IRON COMPANY, Appellant.

INSOLVENT CORPORATION — RECOVERY OF PROPERTY BY TEMPORARY RECEIVER — CODE CIV. PROC. § 1788 — PARTIES TO ACTION. A temporary receiver of an insolvent corporation, appointed in an action of sequestration, has power under section 1788 of the Code of Civil Procedure, to maintain an action to recover from a third party money collected by the defendant under a judgment entered against the insolvent corporation upon an offer made by it for the purpose of giving an unlawful preference; and the insolvent corporation is not a necessary or proper party defendant to such action.

*Nealis* v. *Am. T. & I. Co.*, 76 Hun, 220, affirmed.

(Argued June 11, 1896; decided October 6, 1896.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon

an order made February 16, 1894, which affirmed a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*P. Q. Eckerson* for appellant. The plaintiff as a temporary receiver cannot maintain this equity action. (*Mann* v. *Pentz*, 3 N. Y. 416; *Adsit* v. *Butler*, 87 N. Y. 585; *Geery* v. *Geery*, 63 N. Y. 252; *Sturges* v. *Vanderbilt*, 73 N. Y. 384; *Adee* v. *Bigler*, 81 N. Y. 349.)

*Walter Large* for respondent. The New York Supply Company was not a necessary party. (*Gillet* v. *Moody*, 3 N. Y. 479; 5 Barb. 185; 1 R. S. tit. 4, chap. 18, § 4; *Curtis* v. *Leavitt*, 15 N. Y. 9; *Leavitt* v. *Blatchford*, 17 N. Y. 521; *Rinn* v. *A. F. Ins. Co.*, 59 N. Y. 147; *Hoyt* v. *Thompson*, 5 N. Y. 320; *Kennedy* v. *Gibson*, 8 Wall. 498.) The receiver may maintain this action. (Code Civ. Proc. § 1788.)

BARTLETT, J. The plaintiff sues as receiver of the New York Supply Company to recover of the defendant corporation moneys collected by it under a judgment in its favor, entered against the New York Supply Company upon an offer made by the latter in contemplation of insolvency, and when actually insolvent, for the purpose of giving the defendant an unlawful preference.

The judgment upon this offer was entered October 31st, 1888; the plaintiff was appointed temporary receiver of the New York Supply Company March 28th, 1889, in an action to sequestrate its property, and took possession of its assets April 15th, 1889. On the 12th of June, 1889, the temporary receiver was authorized, by order of the court, to bring this action.

The opinions below discuss the questions in the case in a very satisfactory manner, and we should deem it unnecessary to do more than affirm the judgment for the reasons therein

stated were it not for the very strenuous argument of the appellant that the temporary receiver cannot maintain this action; that the New York Supply Company is a necessary party defendant, and that there is no evidence of the insolvency of the New York Supply Company at the time judgment was entered against it upon the offer.

As to the latter point, a careful reading of the testimony satisfies us that not only is it impossible to say that there was no evidence to support the finding of insolvency by the Special Term, but we agree with the courts below that the finding is supported by the plaintiff's proofs.

The power of the receiver to sue, and the question whether the New York Supply Company is a necessary party defendant, may be considered together.

It was pointed out at General Term that the alleged defect of parties appeared upon the face of the complaint and that objection thereto was waived by failure to demur. (§§ 498, 499, Code.)

While this is doubtless a sufficient answer to the objection, we agree with the learned judge at Special Term that in view of the powers conferred upon the temporary receiver, the corporation he represents is not a necessary party to this action.

The Code of Civil Procedure (§ 1788) provides, among other things, "A temporary receiver has power to collect and receive the debts, demands and other property of the corporation; to preserve the property and the proceeds of the debts and demands collected; to sell or otherwise dispose of the property as directed by the court; to collect, receive and preserve the proceeds thereof, and to maintain any action or special proceeding for either of those purposes."

It is the duty of a temporary receiver to collect the property of the corporation and he is authorized to maintain any action or special proceeding for the purpose. In the case at bar the defendant corporation had secured a fraudulent preference, and the amount thus realized by it was in law the property of the New York Supply Company, and it was the duty of its temporary receiver, who was vested with all its prop-

erty to sue, recover the money, if possible, and to hold it subject to the further order of the court. It is the evident policy of the statute to vest in the temporary receiver many of the important powers that are exercised by a permanent receiver, and this for the very obvious reason that before final judgment, in an action to procure the dissolution of a corporation, it is of vital importance that the title of the corporate property should be vested in an officer of the court who has full authority to reduce it to possession wherever found and to maintain any action or special proceeding necessary in the premises.

In such an action it would be not only an empty form to make the insolvent corporation a defendant, but would be inconsistent with the appointment of the temporary receiver, who for the purposes of holding, protecting and reducing to possession the property and assets of the company, is vested with title and represents the corporation and its creditors as fully as a permanent receiver after final judgment of dissolution.

The plaintiff, as temporary receiver, was authorized to maintain this action, and the corporation he represents was not a necessary or proper party defendant.

The disposition made of the other questions in the case by the courts below was proper.

The judgment appealed from should be affirmed, with costs.

All concur, except VANN, J., who dissents on the ground that the New York Supply Company was a necessary party defendant, and as the defect did not appear upon the face of the complaint, the objection could not have been taken by demurrer.

Judgment affirmed.