security, yet, as it was executed after the execution of the mortgage
to the plaintiff, to her knowledge, and as the plaintiff's mortgage is
for the purchase money of the farm, the priority of its lien cannot
be divested without the express agreement of the plaintiff, which,
as we have found, was not made. Under these circumstances, I am
of the opinion that the plaintiff should have a decree declaring and
adjudging his mortgage a prior lien on the farm in question, free
and discharged from any interest or claim that the defendant Helen
F. Babcock, or her assigns, has or may have, under or by virtue of
the mortgage given to her by Addison Babcock, and that the plaintiff
recover judgment for the costs of this action.

Judgment for plaintiff, with costs.

---

## In re MURRAY HILL BANK.

(Supreme Court, Appellate Division, First Department. February 12, 1897.)

1. ABATEMENT—ACTION TO DISSOLVE CORPORATION—DISSOLUTION IN ANOTHER ACTION.
   While an action by the people for the dissolution of a corporation, and one
   commenced by a majority of the directors for its voluntary dissolution, under
   Code Civ. Proc. § 2419, may be carried on at the same time, a judgment of
   dissolution entered in one action operates as an abatement of the other.
2. SAME—JURISDICTION OF COURT TO MAKE ORDERS—RECEIVERS.
   In an action commenced by the attorney general for the dissolution of a
   banking corporation on the ground of insolvency, an order appointing tem-
   porary receivers was reversed on appeal because receivers had previously
   been appointed for the property of the bank, by another branch of the court,
   in a pending action commenced for its voluntary dissolution by the directors.
   Afterwards a judgment of dissolution was entered in the action by the people.
   Held, that an order of the court in which the action for voluntary dissolution
   was pending, thereafter made on motion of its receivers, requiring the former
   receivers of the other court to turn over the property remaining in their hands
   to its own receivers, was without jurisdiction. Ingraham and O'Brien, JJ.,
   dissenting.
3. RECEIVERS—REVERSAL OF ORDER APPOINTING—DUTIES THEREAFTER.
   Where temporary receivers have been appointed, a reversal of the order ap-
   pointing them does not deprive them of the right, nor relieve them from the
   duty, of holding and protecting such property as has come into their hands
   until it is taken from their possession by order of the court.

Appeal from special term, New York county.

Application by a majority of the directors of the Murray Hill
Bank, a corporation, for its voluntary dissolution. On motion of
the receivers theretofore appointed, an order was entered directing
the property of the corporation to be turned over to them by former
receivers appointed by another court, and by the superintendent of
the banking department of the state, from which order the attorney
general appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY,
O'BRIEN, and INGRAHAM, JJ.

John M. Bowers, for appellant.
Samuel Untermyer, for respondents.

RUMSEY, J. On the 11th of August, 1896, the bank superin-
tendent, claiming to act under the authority of the statute, closed

the doors of the Murray Hill Bank, a banking corporation located and doing business in the city of New York, and proceeded to an examination of its property and assets. The result of that examination was that the superintendent of banks concluded that the corporation was insolvent, and requested the attorney general to commence an action for its dissolution, and for a distribution of its assets in the manner provided by law. For various reasons, this action was not commenced until about the 31st of August, 1896. Shortly before that date, and on the 28th of August, a majority of the directors, claiming to act under the authority of section 2419 of the Code of Civil Procedure, filed and presented to the court a petition, in the form provided for by that section and the subsequent sections on that subject, seeking to obtain the voluntary dissolution of the corporation. An application was on that day made to the special term in the First district, and, it having been made to appear that the corporation was insolvent, Messrs. Trask and O'Brien were appointed temporary receivers, and directed to take possession of its assets. In the suit of the people against the bank, which for some reason was brought in the Second district, although the corporation was located and did business in the First district, and all its assets were situated in that district, a motion was made by the attorney general on the 11th of September for an order appointing receivers of the bank. Upon this motion coming on to be heard, it was made to appear to the court that receivers of the bank had already been appointed, but the court, brushing aside that objection, proceeded to appoint other receivers. The attorney general appealed from the order of the special term in this proceeding, appointing receivers, to the appellate division in this department, and the bank appealed from the order of the special term appointing receivers in the attorney general's action to the appellate division in the Second department. When the appeals came on to be heard, the order of the special term appointing receivers in this proceeding was affirmed, and the order of the special term appointing receivers in the action brought by the people was reversed; the question presented in each case being substantially the same, and that is whether this proceeding for the voluntary dissolution of the banking corporation could be taken by the directors after the property and assets of the bank had been sequestrated by the bank superintendent, and whether, having been begun, it could be maintained after the people, through the attorney general, had brought an action for the dissolution of the corporation. This question was answered in the same way in both departments. In re Murray Hill Bank, 9 App. Div. 546, 41 N. Y. Supp. 914; People v. Murray Hill Bank, 10 App. Div. 328, 41 N. Y. Supp. 804. As a result of the decision, the appointment of the receivers in the attorney general's action was set aside, and they ceased to have any standing, as receivers of this corporation, in this court. The appointment of the receivers in these proceedings was affirmed, and their authority continued as such. At this time, therefore, the situation of affairs was that the attorney general's action was pending in the Second district, but there were no receivers who had been appointed in

that action. In the First district there was pending this special proceeding, in which receivers had been appointed and had qualified, but the assets of the bank, which still remained in the possession of the banking superintendent, had not been turned over to them. An answer was then interposed in the people's action in the Second district, but upon motion it was adjudged frivolous, and judgment was ordered, on account of the frivolousness of the answer, dissolving the corporation, and granting the people the relief asked for in that complaint. An appeal was at once taken from that order to the appellate division of the Second department, where the order was affirmed, but, in the opinion handed down upon the affirmance of the order, it was expressly stated that permanent receivers ought not to be appointed until the determination of the proceedings for a voluntary dissolution, in which temporary receivers had before that time been appointed. Notwithstanding this plain intimation in the opinion of the appellate division, upon an application made to the same judge who had granted all the orders in the people's action in the Second district he proceeded to direct a judgment to be entered dissolving the corporation, and appointing, as permanent receivers to distribute the assets of the bank, the same persons whom he had before appointed as temporary receivers. A motion was at once made in the appellate division to resettle the order of affirmance, which was done, so that the order contained an express command not to appoint permanent receivers in that action until such time as this proceeding had been discontinued or dismissed; and upon motion at the special term the judgment theretofore granted was amended by striking out the direction for the appointment of receivers, and substituting an express direction that the attorney general might apply at the foot of the judgment for the appointment of permanent receivers when such proceeding should be dismissed or discontinued. The situation, therefore, was then as follows: This proceeding was still pending in the First district, and temporary receivers were in existence, although they had not yet possession of the assets of the bank. A judgment had been entered in the people's action in the Second district dissolving the corporation, but no receiver had been appointed pursuant to that judgment. The temporary receivers who had been appointed in that action had been removed by the appellate division of the supreme court in the Second department, and, although they were holding a portion of the assets, yet they were doing so without any existing title; being in possession of them, so far as appears, simply because no effort had been made to take the assets out of their possession since the reversal of the order by which they were appointed temporary receivers. No order had been made in this proceeding either discontinuing or dismissing it. Upon that condition of affairs, the temporary receivers appointed in this proceeding made a motion at the special term for an order compelling the persons who had been, but who had ceased to be, receivers in the people's action, to turn over to the receivers in this proceeding the assets which they had received under their appointment as temporary receivers in the action of People v. Murray Hill Bank. That motion

was granted, and the people, through the attorney general, and the persons who had been appointed receivers in the people's action, and the bank superintendent, take this appeal.

So far as the law is concerned, it must be deemed to be settled that the action of the people for the dissolution of this corporation, and the voluntary proceeding of the directors, having the same end in view, may be carried on together. People v. Seneca Lake Grape & Wine Co., 52 Hun, 174, 5 N. Y. Supp. 136; In re Murray Hill Bank, 9 App. Div. 546, 41 N. Y. Supp. 914. It must also be deemed to be settled that this proceeding for the voluntary dissolution of a banking corporation was properly commenced by a majority of the directors, and the court has jurisdiction to entertain it, although it was begun after the attorney general had sequestrated the assets of the corporation, under the statute, on account of its insolvency. Cases cited supra. But the fact that those propositions of law are settled does not enable us to dispose of the questions presented by this appeal, because those questions do not involve the status of the respondents as receivers under this voluntary proceeding during the pendency of the action and the proceeding which had thus far run along pari passu, but they must be decided upon a consideration of the condition of these two proceedings after judgment of dissolution had been entered in the action of People v. Murray Hill Bank, and while no further action had been taken in this proceeding except to make the order appealed from.

It is claimed by the appellant that as the result of the judgment in the action in the Second district, which adjudged that the corporation was dissolved, all proceedings to that end pending in this district came to an end, and any step which was attempted to be taken in those proceedings after that time was void, and the court had no jurisdiction to take it, whereas it is claimed on the other hand, by the respondents, that the proceeding taken here, having for its object the dissolution of the corporation and the distribution of its funds, might continue to a final order, in which the fact of the dissolution should be adjudged again, and steps taken, by the appointment of permanent receivers, for the distribution of the assets of the corporation, in spite of the fact that a judgment of dissolution had already been entered. It is claimed by the respondent that such a condition of affairs was provided for by the judgment of dissolution entered in the Second district, but we are of the opinion that in that claim the respondents are mistaken. That judgment does not in any way indicate the opinion of the court there that the assets should be distributed in this proceeding. On the contrary, so far as it indicates any opinion on the subject, it would seem to be that the court supposed that this proceeding would be discontinued or dismissed upon application, and thereupon the attorney general was given leave to apply at the foot of that judgment for the appointment of permanent receivers. The provision of the judgment is that such leave should be given to the plaintiff in that action, or to the attorney general, to apply for the appointment of permanent receivers in that action, when by an order made in the First district these proceedings should be adjudged to be discontinued and dismissed;

from which it would seem to be fairly to be inferred that it was un-
derstood by the court in that district that no further steps should
be taken in this proceeding after the judgment for dissolution had
been entered there.   We are therefore forced to consider what is the
necessary effect of a judgment dissolving a corporation upon these
proceedings for its voluntary dissolution.

It is well-settled law in this state that the dissolution of a cor-
poration, by judgment to that effect entered in an action against it,
terminates any action or proceeding then pending by or against it,
and that all subsequent steps taken in such action or proceeding are
void.   McCulloch v. Norwood, 58 N. Y. 562; Sturges v. Vanderbilt,
73 N. Y. 384.   If this proceeding for a voluntary dissolution can be
said, in any just sense, to be a proceeding by or against a corpora-
tion, then we think it comes within the rule stated in the cases just
cited, and that no further steps can be taken in it, but that it is
abated without any further order of the court.   Whether it is or
not a proceeding by or against a corporation, so that this principle
applies, is the matter to be discussed.   It is apparent at first blush
that while the corporation is not a party, eo nomine, to proceedings
taken for its voluntary dissolution, so that it is rightfully entitled
to notice of every step that shall be taken in those proceedings, yet
that the corporation, considered as an entity, is directly interested
in the effect of those proceedings.   They are taken for the express
purpose of putting an end to its corporate existence, and to distrib-
ute its assets.   They are begun by persons acting in the interests
of the corporation.   Drew v. Longwell, 81 Hun, 144, 146, 30 N. Y.
Supp. 733.   And, except in one particular instance, they can only be
taken by the action of a majority of the directors, who must act in
this case as in every other case where steps are taken in behalf of
the corporation.   Notice of them is required to be given to every
stockholder and creditor of the corporation.   Upon the filing of the
petition, any transfer by the corporation of its property in payment
of, or as security for, a debt or a judgment confessed by it, is void
as against the creditors of the corporation.   If the corporation is
claimed to be insolvent, the attorney general may apply to the court
for the appointment of a receiver in these proceedings, but, by the
express provision of the statute, this application can be made only
upon notice to the corporation.   In all these proceedings the cor-
poration is directly interested, and the necessary effect of the pro-
ceedings is to put an end, if successful, to its existence.   It must be,
therefore, that the proceeding is one which, taken by a majority of
its directors, is directed against the corporation, and that it comes
within the principle stated above as to actions of proceedings of that
nature.   The object of the proceeding is to dissolve the corporation.
The only question to be considered upon the hearing before the
referee is whether, for any reason, the corporation should be dis-
solved; and the only order that can be made, if the proceeding is
well taken, is a final order dissolving the corporation and appointing
receivers.   Code Civ. Proc. § 2429.   If a judgment dissolving the cor-
poration has already been entered, the object of this proceeding is
certainly accomplished, and no reason is apparent why it should

further continue. The intention of the statute in permitting proceedings of this nature to be taken in the case of a corporation clearly was to afford an opportunity for its dissolution amicably, for reasons other than those for which the attorney general was compelled to bring an action to accomplish the same end. It was not the purpose of the legislature to take away from the people the right to maintain such an action; nor was it their object to permit this proceeding after a judgment of dissolution, leaving that judgment of dissolution to operate simply as evidence, to be used in this proceeding, that the corporation had already ceased to exist. When once there has been a final judgment dissolving the corporation, there is no reason why any other action or proceeding having in view the same purpose should longer be permitted to continue. The effect would only be to complicate the affairs of the corporation, and to create a conflict of jurisdiction, which might result in discredit and scandal to the courts.

It is said, however, that a hearing has been had in this proceeding and a motion for final order made therein, and this final order is relied upon as an adjudication that these proceedings were not abated by the judgment of dissolution entered in the Second district. In answer to this claim, it must be said that there is nothing in the papers in this case to show that any such proceeding has been taken, or any such final order has been made. If it should be made to appear subsequently that any such thing has been done, it will then be our duty to decide as to the effect of it, but, in the absence of any such proof, the question now presented must be decided upon principle only. We conclude, therefore, that the voluntary proceedings abated by the entry of judgment of dissolution in the action pending in the Second district. The persons appointed as receivers in this proceeding did not, because it had abated, cease to be receivers of the bank, as to the assets which they had already received, so far as it was necessary for them, in that capacity, to protect those assets, or so far as to make them accountable for what they might do in regard to them. High, Rec. § 833. But we do not think that their powers continued to such an extent as to give them the right to take away from other persons, who had lawfully come into the possession of the assets of the bank, the property which they had received in that relation. It appears that Messrs. Hobbes and Odell, who had been appointed receivers in the people's action in the Second district, had received, as such, assets of the corporation which were still in their hands. While these gentlemen had ceased to be receivers, because the order appointing them had been reversed, they stood in relation to such assets in precisely the same situation as the respondents were standing in relation to any assets they may receive. They are no longer active receivers for the purpose of procuring other assets, but they are bound to protect the assets which they already have until they shall be taken out of their possession by an order of the court, and given to some person who has a better right than they to hold them. That better right can only exist in connection with some valid appointment in a pending proceeding. After the judgment of dissolution had been entered,

the respondents had no such right, that we can discover. For that reason it was error, as we think, to make the order appealed from, requiring those who had formerly been receivers in the people's action to deliver over assets in their hands to these gentlemen, who had formerly been receivers in this proceeding which has now abated.

The result of our examination is that this order must be reversed, but, under the circumstances, without costs.

VAN BRUNT, P. J., and BARRETT, J., concur.

O'BRIEN, J. (dissenting). Without determining the question whether the abatement of the voluntary proceedings could be raised on the motion resulting in the order appealed from, or whether the attorney general is in such sense a party to the proceeding that he has the right to appeal, I think, in view of the interests affected, that the merits should be disposed of. It has been decided by this appellate division (41 N. Y. Supp. 914) that the voluntary proceedings were properly instituted, and that the court had jurisdiction to entertain them and to appoint receivers. This decision was followed by the appellate division in the Second department, and an order appointing different receivers in the people's suit was reversed. 41 N. Y. Supp. 804. The effect, therefore, of this decision, was to vest the title and the right of possession of all the assets of the bank in the receivers appointed in the voluntary proceeding in the First department; and, though they were but temporary receivers, they could take possession of the assets, and compel others who had property of the corporation to deliver it over to them, or maintain an action for its recovery. It is insisted, however, that the effect of the judgment of dissolution in the people's action was to abate the voluntary proceedings, and to strip the receivers of all power, except to hold such assets as they then had. But this judgment, as modified, is expressly limited to providing for the dissolution of the bank, and it is therein declared "that no receivers of said corporation, or of the property thereof [shall] be appointed in or by this judgment." Recognizing the possibility that the voluntary proceedings pending in this district might be discontinued or dismissed upon the final hearing, the judgment further directed that in that event the attorney general might apply at the foot of the judgment for the appointment of permanent receivers. In the people's action, as in the voluntary proceeding, the purpose sought was double relief: First, a dissolution of the corporation; and, second, a distribution of its assets. In the judgment of dissolution, as we have seen, the court, having notice, and prior to that time having held, that the same court in this district had first acquired jurisdiction in the voluntary proceeding over the assets, and was engaged in administering upon them, left to the receivers therein appointed the possession and the right of distribution of the assets, while according the other relief by dissolving the corporation. I think the rule with respect to the abatement of all actions and proceedings against a dissolved corporation is subject to the limita-

tion that, even as against such corporation, a pending action may proceed, providing the order or judgment of dissolution itself preserves it from abatement. And from the form of the judgment, as modified by the appellate division in the Second department, and the language of the opinion of that court, it clearly appears that, so far as it was within the power of the court to do so, it intended to preserve the voluntary proceedings from abatement, notwithstanding the dissolution of the corporation, leaving it to the receivers whose appointment they had held valid to distribute the assets.

The question therefore remains as to whether, under section 1793 of the Code, the court, in the people's action, was obliged to provide for distribution by appointing receivers. That question was before the appellate division, and was directly passed upon, as shown by the opinion and by the form of the judgment; and I agree with the construction given to the section, viz. that the word "must," as employed in the section of the Code, is not imperative, but, as applicable to the facts here, must be construed as directory. What undoubtedly was meant by the provision of the Code is that distribution had to be made, and in such manner as the court thought proper. And, the court having already in mind that the assets had been taken possession of by its receivers in another proceeding, all that was necessary to be done was to dissolve the corporation, and leave to such receivers the distribution. I think, therefore, as the assets were already sequestered for distribution in another proceeding, that it was entirely proper to refuse to insert an additional provision for distribution in the judgment in the people's action, it appearing that the court that made the judgment was already administering the fund in such other proceeding. What the Code requires is that after dissolution the property of a corporation shall be distributed among its creditors, but it can make no difference whether that takes place in one proceeding or another, especially where both proceedings are in the same court. Nor does the section referred to enact that the final judgment in the action brought against the corporation shall provide for the distribution of the property in that action. The effect of reversing the order appealed from here is to permit that to be done which has been expressly disapproved of by the appellate division in both the First and Second departments, and, in a collateral way, to construe the judgment of dissolution—which has already been construed by the court that made it—contrary to the intent and purpose of that court. The delay, uncertainty, and expense to depositors that will result from retracing the steps already taken, and submitting new receivers for those already appointed and acting, should be avoided; and I think this can be done, consonant both with reason and authority. But, even if it be assumed that these proceedings abated, then, for the reasons given by Mr. Justice INGRAHAM, in which I concur, I think the order appealed from should be affirmed.

INGRAHAM, J. (dissenting). I concur with Mr. Justice RUMSEY in his conclusion that by the entry of the judgment in the attorney general's suit, by which the corporation was dissolved, this

proceeding abated, and that this special proceeding stood then in the same position as an action or special proceeding against an individual, where the individual died. No further order or judgment could be granted in this proceeding until it was revived, if such revival were possible. The question then presented is whether all former orders in the special proceeding were at once abrogated, so that the rights acquired under them were lost, because of the abatement of this proceeding. This corporation thus dissolved by the judgment entered in the action by the attorney general was, at the time of the commencement of this special proceeding for a dissolution of the corporation, the owner of a large amount of property, and liable to others in a large amount, being at that time insolvent. When this proceeding was commenced, the court, having jurisdiction of the subject-matter and of the parties, appointed temporary receivers. By such appointment the title to the property of the corporation was divested, and vested in the receivers for the benefit of the creditors of the corporation, whose duty it was to protect the property until such further order of the court was made as should direct a proper disposition of it. Immediately upon the appointment of these temporary receivers, it became their duty to proceed to collect all of the property of the corporation that had vested in others. This question as to the rights vesting in a temporary receiver in such a proceeding was before the court of appeals in the case of Nealis v. Iron Co., 150 N. Y. 44, 44 N. E. 944. It was there held that, upon the appointment of the receiver of a corporation in such a proceeding, the title of the property of the corporation vested in the receiver, and that he was at once authorized, and it was his duty, to commence actions or proceedings to recover the possession of such property, either from the corporation itself, or from such persons as had received such property in fraud of the rights of the creditors. The language of the court is:

"And it was the duty of its temporary receiver, who was vested with all its property, to sue, recover the money, if possible, and to hold it subject to the further order of the court. It is the evident policy of the statute to vest in the temporary receiver many of the important powers that are exercised by a permanent receiver, and this for the very obvious reason that, before final judgment in an action to procure the dissolution of a corporation, it is of vital importance that the title of the corporate property should be vested in an officer of the court who has full authority to reduce it to possession wherever found, and to maintain any action or special proceeding necessary in the premises. In such an action it would be not only an empty form to make the insolvent corporation a defendant, but would be inconsistent with the appointment of the temporary receiver, who, for the purposes of holding, protecting, and reducing to possession the property and assets of the company, is vested with title, and represents the corporation and its creditors, as fully as a permanent receiver after final judgment of dissolution."

Thus, by the entry of this order appointing them, these temporary receivers, by virtue of their appointment, became vested with the title of the property, for the purpose of holding, protecting, and reducing it to possession; and for that purpose such receivers are vested with the title, and represent the corporation and its creditors, as fully as a permanent receiver. Now, the abatement of this proceeding does not vacate this order, nor does it, in my opinion,

divest these receivers of the title of the property vested in them by operation of law upon their appointment. It is true, they are still the mere custodians of the property, until the permanent receiver is appointed, or until the court makes some direction as to the disposition that they shall make of the property; but it is as the holders of the legal title of the corporate property that has become vested in such receivers by operation of law that they are entitled to bring actions or take such proceedings as are necessary to reduce such property to possession, and to preserve the same until the further order of the court. It is settled that, by the abatement of an action in consequence of the dissolution of a corporation or the death of an individual, a warrant of attachment granted in the action which by such dissolution or death has become abated is not vacated. See Moore v. Thayer, 6 How. Prac. 47; Thacher v. Bancroft, 15 Abb. Prac. 243. In the case of Burkhardt v. McClellan, reported in a note to the last case cited (15 Abb. Prac. 243), the court of appeals held that a warrant of attachment issued and served upon real estate of the defendant, a nonresident, was a valid lien upon the property, and as such continued until the final judgment was entered, and a sale upon execution on such final judgment vested a valid title in the purchaser, although the defendant in the attachment suit died immediately after the attachment was issued. I think that Mr. Justice RUMSEY fails to appreciate the distinction between an action by receivers, in whom, by their appointment, the title of the property vests, to reduce such property to possession, not as an affirmative act in the proceeding in which the order appointing them was entered, but an independent act, taking possession of the property, the title to which has vested in them by the entry of the order of appointment, and a proceeding in the action or proceeding in which the order was made. Certainly the action commenced by the receiver in the Nealis Case, supra, to recover the possession of the property transferred by the corporation before his appointment, was not a proceeding in the action or special proceeding in which the receiver was appointed. When the receiver commenced that action, he commenced it as the owner of that property, the title to which had vested in him by operation of law; and the order appointing him temporary receiver was evidence to show that the title had, by that order, vested in the plaintiff. That action was no more a proceeding in the special proceeding in which he was appointed than was this motion in the court below a proceeding in that special proceeding in which the order of appointment was entered. The order appointing these respondents receivers operated when entered, and under it the title vested in these respondents, which gave them a right to apply to have the property of this corporation turned over to them to hold until the further order of the court.

The provision as to the property vesting in the trustees of a dissolved corporation, where no receivers are appointed to distribute it, does not apply when the title to such property had vested in other receivers appointed by the court prior to the dissolution of the corporation. It is well settled that valid contracts made by

a corporation survive its dissolution by voluntary surrender or sale of its corporate franchises, and that the creditors of the corporation, notwithstanding such surrender or sale, may still enforce their claims against the property of the corporation as if no such surrender or sale had taken place. Moneys derived from the sale and transfer of the franchises and capital stock of an incorporated company are assets of the corporation, and as such constitute a fund for the payment of its debts, and if held by the corporation itself, and so invested as to be subject to legal process, the fund may be levied on by such process; but if the fund has been distributed among the stockholders, or passed into the hands of other than bona fide creditors or purchasers, leaving any debt of the corporation unpaid, the established rule in equity is that such holders take the fund charged with the trust in favor of the creditors, which a court of equity will enforce, and compel the application of the same to the satisfaction of their debts. Railroad Co. v. Howard, 7 Wall. 410. . Now, upon the appointment of these temporary receivers they represented the stockholders and creditors of the corporation, and, for the purposes of holding, protecting, and reducing to possession the property and assets of the company, were vested with title, and represented the corporation and its creditors as fully as a permanent receiver after final judgment of dissolution. Nealis v. Iron Co., supra. As representing these creditors, this fund, as a trust fund for the payment of the debts of this insolvent corporation, had vested in these receivers, as representing the creditors of the corporation. To say that the mere abatement of the proceeding divests these creditors and their receivers of the title to this trust fund, which belongs to such creditors, and which was a fund for the payment of their demands, and thus leaves this large fund, consisting of money and property, without a legal custodian,—without any one to protect it,—and subject to be wasted and lost, for the want of a proper custodian, until the court can determine the method by which it shall be distributed, seems to me to be a great injustice. In consequence of a dispute as to the particular officers of the court who should distribute the property of this insolvent corporation among the creditors, this large amount of property—the only fund to which these creditors can look for any payment of their demands—has been, for month after month, without even a responsible custodian with authority to protect it. These receivers (respondents) have been adjudged to be legal receivers, in whom this property is vested. By the action of this court in this case, the property is again placed in a position with no legal custodian. The persons who had been appointed receivers in the attorney general's action certainly have now no title to the property,—no right to its possession. They have no power to collect any claim due to the bank by legal proceeding. The order appointing them receivers has been reversed, and the final judgment by which they were appointed vacated. They can have no possible right to the possession of this property; and unless these respondents have such right, as I think it clear they have, for the reasons before stated, this property is now in a situation that it can be appropriated by any

one with impunity, and where no one is in the position to protect it. I am not willing to be responsible for a decision which will produce that result, especially when it seems to me that, for the reasons before stated, this property has vested in these temporary receivers, as custodians, until the further order of the court. I therefore dissent from the proposed action of the court upon this appeal.