(31 App. Div. 39.)

### In re WARREN E. SMITH CO.

(Supreme Court, Appellate Division, First Department. June 17, 1898.)

1. TEMPORARY RECEIVER—POWERS.
    A temporary receiver, appointed in proceedings for the voluntary dissolution of a corporation, is vested with title, so far as the purpose of his trust requires.

2. SAME—COMMISSIONS.
    The amount of such a receiver's commissions is determined by Code Civ. Proc. § 3320.

3. SAME.
    The amount of his commissions is to be computed upon the entire fund in his hands, whatever may be the nature of the property, and is not restricted to that part of the fund which is in the form of cash.

878    52 NEW YORK SUPPLEMENT   (Sup. Ct.

and 86 New York State Reporter.

**4. Same—Maximum Allowance.**

  The maximum allowance to which he may become entitled, in the discretion of the court, in an extreme case, for receiving and protecting the property coming into his hands, is 2½ per cent. on its value.

  Ingraham, J., dissenting.

Appeal from special term, New York county.

In the matter of the petition for a voluntary dissolution of the Warren E. Smith Company. From an order passing on the accounts of the receiver, the corporation duly appealed. Modified.

Argued before BARRETT, RUMSEY, McLAUGHLIN, and INGRAHAM, JJ.

John T. Easton, for appellant.

Emanuel J. Myers, for respondent.

INGRAHAM, J. It seems that upon a petition of the majority of the trustees of the Warren E. Smith Company for the voluntary dissolution of said corporation an order to show cause why the said corporation should not be dissolved was granted on the 3d of September, 1897, and upon the same day an order was entered, upon motion of the petitioners, appointing a temporary receiver of the corporation. The temporary receiver duly qualified, and took possession of the property of the corporation on the 8th day of September, 1897; and on the 18th day of October, 1897, upon motion of the corporation, with consent of the creditors, stockholders, and directors thereof, an order was entered discontinuing the proceedings, vacating the order to show cause and the order appointing the temporary receiver, and directing the temporary receiver to turn over and deliver to the corporation all the property and assets of the said company that came into his hands as said receiver, upon the giving to the said temporary receiver a bond of the amount of $3,500, with the condition that the said corporation should pay to the said receiver the sum or sums allowed him as fees and commissions, said receiver's counsel fees, and other expenses of the receivership, and directing the receiver to file his accounts, and appointing a referee to pass upon the same. The temporary receiver filed his accounts, and the corporation filed objections to it, which objections were considered by the referee, who thereafter filed his report; and from the order confirming that report this appeal is taken. By consent of counsel three questions were submitted to the referee, and the corporation duly excepted to the decisions of the referee on these three questions: First, as to the amount of compensation or commissions to which the receiver was entitled; second, as to the amount of compensation for the attorney to the receiver; third, as to the claim of the alleged shortage of the property delivered to the receiver and the property redelivered by the receiver to the corporation. We will examine these three questions in the order in which they were presented to the referee.

1. As to the receiver's compensation. The receiver was appointed under section 2423 of the Code of Civil Procedure. It is there provided that:

"The court may at any stage of the proceedings appoint a temporary receiver of the property of a corporation which receiver shall have all the powers and be subject to all the duties of receivers appointed under section 1788 of the Code."

Section 1788 provides:

"A temporary receiver has power to collect and receive the debts, demands and other property of the corporation; to preserve the property, and the proceeds of the debts and demands collected; to sell or otherwise dispose of the property as directed by the court; to collect, receive and preserve the proceeds thereof; and to maintain any action or special proceeding, for either of those purposes."

As no further powers were conferred on this temporary receiver by the court, his power and authority over the property of the corporation is limited by this provision of section 1788 of the Code. Under that section it is clear that the title of the property of the corporation did not vest in the receiver. He had power to collect and receive the debts, demands, and other property of the corporation, and to preserve the property and the proceeds of the debts and demands collected; but his power to sell or otherwise dispose of the property was limited to such direction as the court should give, and without the direction of the court he had no power to sell the property. His duty is essentially that of preservation, rather than that of disposition, of the property. Possession, but not the legal title, was necessary for preservation. Under this provision of the Code, we think it clear that the legal title of the property of the corporation does not vest in the person appointed as temporary receiver in a proceeding of this character. The title of the property remains in the corporation until devested by a sale by the receiver under an order of the court, or the appointment of a permanent receiver upon the dissolution of a corporation by a final order in the proceeding. This proceeding having been commenced as prescribed by the statute relating to the voluntary dissolution of a corporation, the court had jurisdiction to appoint a temporary receiver; and, the court having exercised that jurisdiction, the property was in its custody. That custody, however, was regulated by the provision of the Code referred to, limiting the power and title of the officer appointed. The order dismissing the proceeding required the corporation to pay to the receiver his "fees and commissions." We have first to determine what are his "fees and commissions." We think that section 2 of chapter 378 of the Laws of 1883 does not apply. This is an act in relation to receivers of corporations, and the provisions of section 3 fix the compensation to be paid to such receiver. It was held in the case of United States Trust Co. v. New York, W. S. & B. R. Co., 101 N. Y. 483, 5 N. E. 316, that this section related only to receivers of corporations appointed under statutory authority where the title to the property is vested in such receivers; that this act of 1883 was an additional regulation, prescribing the rights and duties of receivers of insolvent corporations, and did not embrace all receivers of corporations or corporate property, however appointed, or for whatever purpose the appointment may have been made; and that the compensation of a receiver of the property of a corporation covered by a mortgage under process of foreclosure is to be reg-

ulated by section 3320 of the Code of Civil Procedure, and not by the act of 1883. By section 76, c. 8, tit. 4, p. 470, 2 Rev. St., it is provided "such receivers shall in addition to their actual disbursements be entitled to such commissions as the court shall allow, not exceeding the sum allowed by law to executors and administrators." This provision, however, does not apply. Chapter 245 of the Laws of 1880 provides that sections 66 to 89 of chapter 8 of title 4 of part 3 of the Revised Statutes are not repealed, but are made applicable to receivers appointed under section 2429 of the Code. Section 2429 of the Code further provides for the appointment of a permanent receiver by the final order for the dissolution of the corporation, and thus this provision of the Revised Statutes is not made applicable to temporary receivers appointed under section 2423 of the Code. We are referred to no other statute regulating the fees of a temporary receiver appointed in such proceedings, and the next question is whether or not section 3320 of the Code applies. It is there provided that a receiver, except as otherwise prescribed by law, is entitled, in addition to his lawful expenses, to such commissions, not exceeding 5 per cent. of the sums received and disbursed by him, as the court by which he was appointed allows. This section is part of title 5, c. 21, Code Civ. Proc. Chapter 21 relates to costs and fees; title 5 regulates the sum allowed as fees; and section 3320 fixes the fees to be paid to the receiver except as otherwise prescribed by statute. A temporary receiver appointed in such proceedings is appointed under the provisions of the Code, and his fees do not seem to be specifically regulated by statute. I can see no reason why the above provision does not apply to a temporary receiver appointed in this proceeding. Applying this provision, the receiver is entitled to commissions not exceeding 5 per cent. of the sum or sums received and disbursed by him, as the court or judge thereof allows. Upon what is this 5 per cent. to be calculated? Under ordinary circumstances it could apply only to a sum of money that has been received and paid out by the receiver. Where, however, the title to certain personal property had vested in the receiver, and he, instead of selling it, had been directed to transfer it to others, it might be said that such a receipt and transfer could be said to be a sum received and disbursed by the receiver. As before stated, however, we do not think that the legal title to the property of the corporation vested in a temporary receiver on his appointment, where no additional power was conferred upon him by the court. He was there simply as a custodian of the property, to receive the property and preserve it. And, if directed by the court, he was to sell it, and to collect and receive the proceeds thereof; and the object of a receivership is clearly that of possession and preservation, rather than that of title and disposition. Such possession and preservation of property cannot be a receipt and disbursement of a sum of which, under section 3320, the receiver is entitled to 5 per cent. commissions. There is nothing to the contrary in the case of In re Christian Jensen Co., 128 N. Y. 552, 28 N. E. 665, or In re Schuyler's Steam Towboat Co., 136 N. Y. 170, 32 N. E. 623. In the latter case it was held that, upon the appointment of a temporary receiver the property was in

the custody of the court, and that the court had power to prevent any interference with it by any action, or its dissipation and removal by a writ of replevin or attachment, or by libel filed in the United States district court. In Re Christian Jensen Company, supra, the court, in its opinion, says that the title was in the receiver; but the distinction between a temporary and a permanent receiver is not noticed in the opinion, and what was said, both before and after, makes it clear that the court was referring to the custody of the property, and not to its legal title.

The total amount of money received by the receiver appears to have been $495.51 of outstanding accounts actually collected, and $23.03 cash on hand at the time of the appointment of the receiver, making the total of $518.54, 5 per cent. of which is $25.93; and the fees allowed to the receiver must be reduced to that amount. We are not concerned on this appeal with the question whether or not the legislature has provided adequate compensation for receivers in cases of this kind. All we have to do is to follow the provisions of the statute. When a person accepts an appointment as receiver, he is, of course, liable to the contingency of the proceedings being discontinued, and his compensation based upon the amount of money he has actually collected during the period he continued as receiver. The statute expressly allows him all the expenses incurred by him in the actual preservation of the property, and he is appointed simply to preserve it, and has no power, unless expressly authorized by the court, either to sell it or make any other disposition of it. If, before any sale is made, the proceeding is discontinued, no greater fee than is expressly allowed by law can be awarded to him.

2. The next question is as to the amount awarded to the receiver as counsel fee by the referee. The counsel for the receiver claimed the amount of $5,000 for services, and the referee awarded him $1,-500. The counsel employed by the receiver stated at large the services he rendered. He prepared a petition and affidavit, asking leave for the receiver to pay rent for the premises occupied by the corporation, and which were in turn occupied by the receiver. He attended three or four times at the district court upon some proceeding of the landlord to dispossess the receiver or the corporation, and advised the receiver that it would be for the interest of all concerned that the merchandise of the corporation should be sold on the premises. He advised the receiver that he only had power to receive the money, and had no power to pay out any sum, or to sell anything. He advised and consulted with experts as to the necessity of disposing of the goods, and advised the receiver that proceedings should be taken to obtain leave of the court to sell the stock, and realize money, and thus to save the expenses for rent. He examined the petition for the retransfer of the property to the corporation, and advised the receiver as to various consultations and letters written and received. He drew a petition for leave to sell the goods, obtained an order to show cause, and served the same, and seems to have obtained an order authorizing the receiver to sell the goods at public auction. He prepared the account of the receiver, and consulted with the receiver in conducting the proceedings before

the referee while passing upon the accounts. The services rendered as detailed by the receiver's counsel presented no difficult question of law, and related simply to the practice and duties of the receiver, which are expressly regulated by the Code, and the receiver was in possession of the goods but 39 days in all. The services rendered were most informal, and they certainly were nothing extraordinary or intricate, and it seems to me that the sum fixed by the referee was excessive. Two gentlemen testified on behalf of the receiver's counsel that they considered the reasonable value of the services rendered to be $3,000 or $3,500. Two witnesses were called by the corporation. One of them testified that he thought the fair value of the services rendered would be $500, and that $750 would be generous; the other testified that $750 to $1,000 would be a liberal amount. Considering the circumstances, I agree with the witness for the corporation that $750 for the services rendered is a most liberal allowance, and the amount awarded to the receiver as compensation for his counsel should be reduced to that amount.

3. Upon the other question presented we agree with the learned court below that the evidence was not sufficient to charge the receiver with the alleged shortage of goods. There is really nothing to show that all the goods that the receiver actually took possession of were not turned over to the corporation upon the discontinuance of the proceedings except the goods sold by the receiver, for the proceeds of which he is charged.

The order appealed from should be modified by sustaining the exceptions to the report of the referee hereinbefore indicated, and, as so modified, affirmed, without costs of this appeal.

BARRETT, J. I agree with Mr. Justice INGRAHAM that the amount of the receiver's commission is governed by section 3320 of the Code of Civil Procedure. Section 76 of chapter 8 of title 4 of part 3 of the Revised Statutes applies only to the receivers specified in that chapter, viz. permanent receivers. The whole of part 3 was repealed by chapter 245 of the Laws of 1880, with certain specified exceptions, among which was this section 76. At this time the act transferring to the Code the subject of voluntary dissolutions, and providing—seemingly for the first time—for the appointment of temporary receivers in such cases (chapter 178, Laws 1880), was in existence. But the language of the repealing act forbids the inference that section 76 obtained any wider scope when the provisions as to temporary receivers went into effect, since it expressly makes that section "applicable to a receiver appointed as prescribed in section 2429 of the Code of Civil Procedure." Section 2429 relates to permanent receivers; and hence section 76 in the Revised Statutes was retained with the same force which it had before, and no greater. Nor does chapter 378 of the Laws of 1883 apply. It was held in United States Trust Co. v. New York, W. S. & B. R. Co., 101 N. Y. 478, 5 N. E. 316, that this action is applicable only to insolvent corporations, and the true scope of the decision seems to be that it applies only to receivers appointed in bankruptcy proceedings instituted by third parties. At all events, it is clear that under this de-

cision the act does not apply to a temporary receiver. It is held that the receivers referred to in section 2 are those treated of throughout the rest of the act, which requires them to file reports of their proceedings, and contains other provisions clearly referring only to permanent receivers. Neither the provision in the Revised Statutes nor the act of 1883 being applicable, the question of commissions is consequently governed by section 3320 of the Code. The respondent is a receiver of this corporation, and there is no other provision of law specifically prescribing his fees. I do not think, however, that he is limited to a commission based upon the cash which actually came into his hands. It is well settled, in the case of executors and trustees, that where the statute allows commissions on all sums of money which they may receive and pay out, they are entitled to such commissions upon the whole amount of the trust estate in their hands.

In Wagstaff v. Lowerre, 23 Barb. 209, 226, 227, Davies, J., said:

"In reference to them, the statute allows commissions 'on all sums of money' that they may receive and pay out. 2 Rev. St. p. 93, § 58. But commissions on the whole amount of the trust estate in their hands, under their control, and managed by them, was intended, and has been uniformly allowed, even though a very small part was in money actually received or paid out. * * * The compensation is given to him for his care and management of the estate, and not for the simple act of receiving and paying out."

In Re De Peyster, 4 Sandf. Ch. 511, it was held that the trustee is entitled to commissions on the capital of the estate, consisting of stocks and mortgages, although not invested or converted, as well as to commissions on the real estate, which was, in equity, personalty. And in Re Moffat, 24 Hun, 325, it was held:

"The commissions allowed to a trustee are to be computed upon the entire fund in his hands, whatever may be the nature of the property, and even though he may transfer to the beneficiaries the same securities which were received by him at the time of the creation of the trust."

There are many other cases to the same effect, and the rule has been long and uniformly acted upon. The statute applying in these cases does not materially differ in its language from section 3320 of the Code. In re Hulburt, 89 N. Y. 259, is not to the contrary. It was there held that chapter 466 of the Laws of 1877, as amended by chapter 318 of the Laws of 1878, allowing assignees for the benefit of creditors a commission on "the whole sum" coming into their hands, refers to money, not property. The decision is based upon the particular language used, especially the adjective "whole," and the peculiar circumstances in which an assignee is placed, the latter being especially dwelt upon. Earl, J., said:

"If it had been stated in the section that the commissioner was to be five per centum on the entire value of the property, or amount of property, or sum of money, it would have been plain enough. * * * We do not intend by this construction to alter or affect the rules which have been laid down for computing the fees or commissions of sheriffs, executors, administrators and trustees. Our construction of the act now under consideration is confined to the language used, and the consideration of what we conceive to have been the purpose of the legislature."

The contrary view seems to be based on the theory that a temporary receiver is not vested with title to any of the property of

the corporation. Nealis v. Iron Co., 150 N. Y. 42, 44 N. E. 944, holds the contrary. It was there decided that the insolvent corporation is not a proper party to an action brought by the temporary receiver to recover money paid to a third party under an illegal judgment, and Bartlett, J., said:

"It is the evident purpose of the statute to vest in the temporary receiver many of the important powers that are exercised by a permanent receiver, and ＊ ＊ ＊ it is of vital importance that the title of the corporate property should be vested in an officer of the court who has full authority to reduce it to possession wherever found." And again: "In such a case it would be not only an empty form to make the insolvent corporation a defendant, but would be inconsistent with the appointment of the temporary receiver, who, for the purposes of holding, protecting, and reducing to possession the property and assets of the company, is vested with title, and represents the corporation and its creditors as fully as a permanent receiver after final judgment."

This case is authority for the proposition that a temporary receiver is vested with title so far as the purposes of his trust require. His general functions relate to receiving and preserving, not to disbursing, the assets of the corporation. It has long been settled, however, that executors and administrators are entitled to one-half commissions for receiving and one-half commissions for paying out the moneys of the estate; and there is no reason why the exercise of judicial discretion conferred by section 3320 of the Code should, by a different construction, be limited to cash received. A temporary receiver appointed under section 2423 of the Code may therefore be entitled in an extreme case to $2\frac{1}{2}$ per cent. of the value of the property coming into his hands for receiving and protecting the same. That, however, is the maximum. He is to receive only such a commission as the court may allow, not to exceed that sum. In the present case the commission awarded should have been exceedingly moderate, in view of the fact that the receiver employed many persons to assist him at considerable, and, as is claimed, somewhat unnecessary, expense to the estate. His own labors were unquestionably slight, and his responsibilities by no means great. At the same time the amount which Justice INGRAHAM thinks should be awarded him is quite disproportionate to even the limited services and responsibilities which the record discloses. It is insignificant in any just view of the receiver's acts; and I presume a somewhat larger sum would have been suggested but for the opinion that the commission is limited to the cash actually received and disbursed. As I think the court is not thus limited, the commission should not be so greatly reduced. Upon the whole, and in view of all the circumstances, my judgment is that a commission of $150 would be fair and reasonable, and accordingly I think the amount allowed below should be reduced to that sum. Upon the two other questions discussed I entirely concur with Mr. Justice INGRAHAM.

RUMSEY and McLAUGHLIN, JJ., concur.