JOHN E. MADDEN, Plaintiff, *v.* JOHN H. ROSSETER, Defendant.

(Supreme Court, New York Special Term, December, 1921.)

Receivers — commissions and counsel fees — partnership — commissions on delivery of valuable horse by receiver to plaintiff fixed at reasonable amount to be paid by defendant.

Under a contract by which plaintiff and defendant became partners or joint adventurers in a stallion defendant was to keep the horse in California until the end of the season of 1920 and plaintiff was to keep him in Kentucky for the seasons of 1921 and 1922, after which time arrangements satisfactory to both parties were to be made. At the end of the season of 1920 defendant refused to deliver the horse as agreed. Thereafter in an action for the dissolution of the partnership, an order granting mandatory injunction directing the delivery of the stallion to plaintiff was affirmed on appeal, and the receiver appointed to carry out the order did so without litigation or ancillary receivership in California and delivered the horse to plaintiff on May 23, 1921, in good condition. *Held*, upon motion to fix the compensation of the receiver, etc., that plaintiff was entitled to be reimbursed for the taxable expenses caused by defendant's unwarranted acts, and though the dissolution action was undisposed of, the services of the receiver, admittedly worth $5,000, and those of his counsel, proven to be worth $500, should be paid by defendant, and it is so ordered.

MOTION for receiver's commissions and counsel fees.

Kalish & Kalish, for plaintiff.

Thomas F. Kane and John B. Dahlgren, for defendant.

Henry L. Franklin, for receiver, Franklin L. Brooks.

GUY, J. Motion by a receiver to fix the compensation due him; also his counsel's fees. The receiver was

directed to and did take from the defendant in California and deliver to plaintiff in Kentucky a valuable stallion named Friar Rock. Plaintiff first owned the horse. In 1918 plaintiff sold defendant a half interest and they became partners or joint adventurers in the horse under a contract by which defendant was to keep the horse in California until the end of the season of 1920, and plaintiff was to keep him in Kentucky for the seasons of 1921 and 1922; thereafter new arrangements mutually satisfactory were to be made. The fees wherever received were to be divided equally. When the end of the season of 1920 came defendant refused to deliver the horse to plaintiff. Plaintiff sued for a mandatory injunction for the delivery of the stallion to him; for a receivership to effect the delivery; also for a dissolution of the joint adventure or partnership. In February, 1921, an order was made granting a mandatory injunction directing the delivery of the horse to the plaintiff and appointing the receiver to carry out such delivery. The defendant appealed from the order, and, on appeal, the order was affirmed. Thereafter the receiver carried out the order with tact and diplomacy, avoiding any litigation or ancillary receivership in California. He delivered the horse to plaintiff on May 23, 1921, in good condition. It is admitted that the receiver's services, if they can now be directed to be paid for prior to the dissolution of the partnership or joint adventure, were worth $5,000, and those of his counsel are proved to be worth $500. While the dissolution action does not appear to have been disposed of, as to the primary relief sought the plaintiff is the winner, and has prevailed by reason of the affirmance on appeal and execution of the mandatory injunction for the delivery of the horse to him under the contract which entitles him to keep it during the

Supreme Court, December, 1921. [Vol. 117

1921 and 1922 seasons. The receiver's commissions on the delivery of a valuable live animal are not limited or to be computed upon the cash collected by him; $5,000 upon a $200,000 or $250,000 live animal is just, proper and reasonable. *Matter of Smith Co.,* 31 App. Div. 39, 40–43; *Moe* v. *McNally Co.,* 138 id. 480, 487. How are such commissions to be paid or allowed? In several states the rule is that the costs of a receivership incurred by the assertion of a wrongful claim which is determined or found to be wrongful may be taxed against whichever party asserted such wrongful claim instead of being taken from the receivership funds. *Radford* v. *Folsom,* 55 Iowa, 276, 287; *Highley* v. *Deane,* 168 Ill. 266, 271, 272; *Link Belt Machinery Co.* v. *Hughes,* 195 Ill. 413, 418; *City of St. Louis* v. *St. Louis Gas Light Co.,* 87 Mo. 223; *Cutter* v. *Pollock,* 7 N. Dak. 631, 632–635, cited with approval in *Atlantic Trust Co.* v. *Chapman,* 208 U. S. 360, 374; *Espuela Land & Cattle Co., Limited,* v. *Bindle,* 11 Tex. Civ. App. 262–264. By the affirmance of the mandatory injunction and its execution the plaintiff has been adjudged the winner and has prevailed, with the right to keep the horse during the seasons of 1921 and 1922. He is, therefore, entitled to be reimbursed for the taxable expenses caused by defendant's unwarranted acts. The cases holding that where a receiver was illegally appointed and his appointment was vacated the party procuring his appointment must pay him (*Weston* v. *Watts,* 45 Hun, 219, 220–222; *Pittsfield Nat. Bank* v. *Bayne,* 140 N. Y. 321, 329–331) have no application to the case at bar, where the appointment of receiver was the object of the action, and as such has been sustained on appeal. Receiver's fees fixed at $5,000; those of his counsel at $500; to be paid by defendant.

Ordered accordingly.