(66 App. Div. 480.)

### K. EGAN & CO. v. BUTTERWORTH et al.

(Supreme Court, Appellate Division, First Department. December 6, 1901.)

PLEADING—COMPLAINT—SEPARATE CAUSES OF ACTION—STATEMENT—MOTION TO AMEND.

When a complaint sets up three separate contracts and the breach of each thereof as one cause of action, a motion to compel the amendment of the complaint so as to separately state and number the causes of action should be granted, under Code Civ. Proc. § 483, providing that, when the complaint sets forth two or more causes of action, the statement of the facts constituting each cause of action must be separate and numbered.

Appeal from special term, New York county.

Action by K. Egan & Co. against Edwin Butterworth and others. From an order denying defendants' motion to compel plaintiff to amend the complaint, defendants appeal. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Charles D. Ridgway, for appellants.
William J. Bogenshutz, for respondent.

O'BRIEN, J. The purpose sought by defendants' motion was to compel the plaintiff to amend the complaint by separately numbering and separately stating the facts constituting the plaintiff's "second cause of action" against the defendants for their alleged breach of three contracts annexed to the complaint, and marked Exhibits "B," "C," and "D." Section 483 of the Code of Civil Procedure provides that, "where the complaint sets forth two or more causes of action, the statement of the facts constituting each cause of action must be separate and numbered." The complaint alleges as "a second cause of action" that "the defendants entered into certain agreements in writing with the plaintiff, copies of which are hereto annexed, and made part of this complaint and marked Exhibits 'B,' 'C,' and 'D,' whereby the defendants sold to the plaintiff

certain goods, wares, and merchandise." The exhibits referred to, being three separate contracts, could each be the basis of a separate cause of action, even though they relate to goods of the same identical kind, quality, and value; and under our system of pleading there is no warrant for grouping them together as though they stated but a single cause of action. There is undoubted authority for the rule that, where there are several items having their origin in one contract,—as an agreement to sell and deliver goods, or perform work or advance money,—these may be included in a single cause of action. Secor v. Sturgis, 16 N. Y. 558. But, as said in the case cited, in referring to this rule, "there must be either an express contract, or the circumstances must be such as to raise an implied contract, embracing all the items, to make them, where they arise at different times, a single or entire demand or cause of action." If, in the present action, instead of suing on three separate contracts for the sale of merchandise, the plaintiff had sued on three promissory notes, pleading them as a single cause of action, little argument would be required to show that this could not be done against the defendants' objection under section 483 of the Code. And where, as here, the liability under each contract is distinct, and the evidence in support of the cause of action based on one contract cannot be used to prove defendants' liability on the other two, the view to be taken is no different than in the illustration which we have suggested of the promissory notes, which, though all for the payment of money, still bore different dates, were payable at different times, and the evidence required to obtain a recovery upon one would not be available to show the liability of the maker upon the other two. We think, therefore, that the defendants were entitled as matter of right, under section 483 of the Code of Civil Procedure, to have the complaint separately number and state the facts constituting the alleged breach of the defendants, and set forth their liability on each contract as a separate cause of action.

The order accordingly should be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs. All concur.