ELLERY v. PEOPLE'S BANK OF CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. July 7, 1910.)

PLEADING (§ 52*)—AMENDMENT—COMPLAINT—GROUNDS.

Under Code Civ. Proc. § 483, providing that, where the complaint sets forth two or more causes of action, the statement of the facts constituting each cause of action must be separate and numbered, a motion to require an amended complaint, where the original complaint, not complying with the section, seeks to recover for a number of separate torts not stated to be interdependent, or to have been separate violations of a single duty which defendant owed to plaintiff, but apparently distinct and independent wrongs, each of which will require independent proof, and as to which there may be as many defenses as there are torts, must be granted.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 113; Dec. Dig. § 52.*]

Appeal from Special Term, New York County.

Action by Joseph E. Ellery against the People's Bank of the City of New York. From an order denying a motion to require an amended complaint, defendant appeals. Reversed, and motion granted.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, LAUGHLIN, and DOWLING, JJ.

Herbert R. Limburg, for appellant.
Norvin R. Lindheim, for respondent.

PER CURIAM. To require the complaint to be redrawn as the defendant wishes will undoubtedly result in an extremely prolix pleading. But the letter of the statute and the interpretation placed upon it by the courts require that the motion be granted. It is not a case where the cause of action results from a conspiracy including many overt acts, or from a course of business involving many items, or a single transaction composed of several parts. The complaint seeks to recover for a great number of separate torts, not stated to be interdependent, or to have been separate violations of a single duty which defendant owed to plaintiff, but apparently separate, distinct, and independent wrongs, each of which will require independent and possibly different proof, and as to which there may be as many different defenses as there are different conversions. While we recognize the practical convenience to the trial court and to the parties of the form of complaint adopted by plaintiff, we are of the opinion that, if objected to, it cannot be upheld. Code Civ. Proc. § 483; Egan & Co. v. Butterworth, 66 App. Div. 480, 73 N. Y. Supp. 301.

Order reversed, with $10 costs and disbursements, and motion granted.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes