HETTIE C. BARROWS, Respondent, *v.* THE FIDELITY AND CASUALTY COMPANY OF NEW YORK, Appellant.

First Department, November 3, 1916.

Pleading — action on accident insurance covering separate accidents — each accident gives rise to separate cause of action — redundant pleading.

Where a policy of accident insurance indemnified the assured not only for a single accident, but for every accident and as many accidents as might happen to him during the year, each separate accident gives rise to a separate cause of action and they may not be grouped together as a single cause of action.

Hence, where the plaintiff has properly pleaded separate causes of action founded on separate accidents, a third count combining the two accidents as a single cause of action will be stricken out as redundant, for, even if properly separated, they would merely be a repetition of the previous counts already pleaded.

APPEAL by the defendant, The Fidelity and Casualty Company of New York, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 9th day of September, 1916, denying its motion to compel the plaintiff either to state separately the two causes of action contained in the third cause of action alleged in the complaint or in the alternative to strike out said third cause of action as irrelevant and redundant.

*Edwin A. Jones,* for the appellant.

*Addison A. Van Tine,* for the respondent.

SCOTT, J.:

The action is brought upon a policy of accident insurance to recover for two separate and successive accidents which happened to the insured. The insurance is against "Bodily injury * * * through accidental means * *. * resulting directly, independently and exclusively of all other causes, in (a) immediate, continuous and total disability that prevents the Assured from performing any and every kind of duty pertaining to his occupation;

"(b) immediate (as respects the injury or as respects preceding total disability) and continuous partial disability that prevents the Assured from performing fully work essential to the duties of his occupation;

"(c) death."

The amounts to be paid are elaborately set forth, depending upon the consequences of an injury suffered, including payment of the sum of $15,000 if the injury results in death from accidental causes, the several indemnities being doubled if the injury is sustained, among other things, "while in or on a public conveyance (including the platform, steps, or running board thereof) provided by a common carrier for passenger service."

The contract is a continuous one running for a stated term, and is intended to provide indemnity to the assured not only for a single accident, but for every accident and as many accidents as shall happen to him during the year. It is obvious that when the assured suffers injuries from two or more separate, independent and successive accidents, each accident affords a distinct and separate cause of action, and two of such separate and distinct accidents may not be grouped together in a single cause of action, for each will require distinct and separate proof not applicable to the other. It is as if a plaintiff held several separate promissory notes, made by the defendant upon different dates, promising to pay different sums and having different due dates.

It is clear that in such a case there would be as many separate causes of action as there are separate notes, and they could not be properly sued upon in a single cause of action. (*Egan & Co.* v. *Butterworth,* 66 App. Div. 480; *Reilly* v. *Sicilian Asphalt Paving Co.,* 170 N. Y. 40.)

In the present case the plaintiff alleges as a first cause of action injuries suffered by the insured by accidental means in the early part of October, 1915, "on a train of the Baltimore and Ohio Railroad, between Laurel, Maryland, and the City of New York, caused by the breaking of the wheel or the axle of the car in which the said Charles C. Barrows was riding." This injury is alleged to have resulted in total disability for the period of ten weeks and ultimately in death.

For a second cause of action the plaintiff alleges injuries suffered by the assured on October 21, 1915, at Fifty-sixth street and Fifth avenue, in the city of New York, through a collision with a taxicab. This injury is also alleged to have resulted in total disability for ten weeks, and ultimately in death.

These two causes of action are well pleaded and are not objected to. The third cause of action concerning which this motion is made sets forth both of the above-mentioned accidents as comprising, taken together, a single cause of action. For the reasons hereinbefore suggested we think this count is bad for duplicity, for if each accident established a separate and distinct cause of action, the two cannot be united in a single count. The defendant is, therefore, entitled to have these two causes of action separately stated. But if the motions were granted in that form and the third cause of action subdivided into two, those two would be mere repetitions of the first and second causes as already pleaded, and would be redundant and obnoxious to a motion to strike out upon that ground. It is quite unnecessary to go through the formality of hearing two motions where one will serve the purpose. The motion to strike out as redundant will, therefore, be granted.

The order appealed from should be reversed, with ten dollars costs and disbursements, and the motion granted to the extent indicated, with ten dollars costs.

CLARKE, P. J., McLAUGHLIN, DOWLING and SMITH, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion granted to extent indicated in opinion, with ten dollars costs. Order to be settled on notice.