THE UPSON COMPANY, Respondent, *v.* ERIE RAILROAD COMPANY, Appellant.

Fourth Department, May 20, 1925.

Carriers — action for damages for failure to deliver safely — pleadings — complaint — motion to separately state and number causes of action — facts relating to distinct shipment on separate bill of lading constitute separate cause of action — affidavits cannot be used to amplify allegations — commingling shipments by carrier does not give consignee right to join all causes on several shipments in one cause of action, but will affect character of proof.

Causes of action against a carrier, based on its alleged failure safely to deliver the goods, should be separately stated and numbered, so that the facts relating to each shipment in reference to which a separate bill of lading was given, are stated in one cause of action.

Upon a motion to separately state and number the causes of action, the complaint alone can be considered, and it is not proper to use affidavits to amplify the allegations of the complaint.

The fact that the carrier commingled several shipments in such a manner that the consignee could not determine the particular contents of any particular shipment, did not give the consignee the right to join all the causes of action on several shipments in one cause of action; the action of the carrier in commingling the shipments will have its effect upon the character of proof permissible to establish damages.

APPEAL by the defendant, Erie Railroad Company, from an order of the Supreme Court, made at the Erie Special Term and entered in the office of the clerk of the county of Niagara on the 24th day of February, 1925, denying defendant's motion for an order requiring the plaintiff to separately state and number the causes of action set out in the second cause of action in the complaint.

*John S. N. Sprague,* for the appellant.

*Fritz Fernow,* for the respondent.

PER CURIAM:

The alleged cause of action numbered " second " in the complaint relates to a number of shipments concededly covered by a separate bill of lading, and contains an allegation of a general failure on defendant's part to deliver safely.

The facts relating to each distinct shipment for which a bill of lading was issued constitute a separate cause of action. (*Morris & Co.* v. *Southern Express Co.,* 197 App. Div. 930.) At least in the absence of additional allegations not now contained in the complaint, the facts in relation to each shipment must be separately stated and numbered. (Rules Civ. Prac. rule 90; *Egan & Co.* v. *Butterworth,* 66 App. Div. 480.)

The motion is based solely upon the pleading. The plaintiff cannot amplify the allegations of the complaint by affidavit so as to justify its pleading. The complaint must be judged upon its face.

The plaintiff in this case presented an affidavit to the effect that the articles included in several different shipments were delivered to the consignee mingled in such a fashion that the particular contents of any particular shipment could not be separately identified or checked. The conduct of the defendant would have its effect upon the character of proof permissible to establish plaintiff's damage. If the defendant has thus rendered it impossible to prove the particular loss on each shipment by commingling the goods in various shipments, it would be unreasonable to allow the defendant to require from the plaintiff proof as to the particular

damage to each separate shipment. (*Fletcher* v. *Dold Packing Co.,* 41 App. Div. 30; affd., 169 N. Y. 571; 1 Sedg. Dam. [9th ed.] § 170-a.) Under such circumstances a division of the total loss proportionately among the respective shipments would seem to be all that could be required from the plaintiff either as a specification of damage in the pleadings or in the proof.

It may be that an allegation of the commingling of different shipments by a carrier wrongfully or in violation of its contractual obligations and the delivery of the shipments in an injured condition while so commingled, if alleged in the complaint, would give rise to a single cause of action. (*Cleveland Cliffs Iron Co.* v. *Keusch,* 206 App. Div. 787; affd., 237 N. Y. 533.) We do not pass upon this point as it is not now before us.

The order should be reversed, with ten dollars costs and disbursements, and the motion granted requiring the plaintiff to serve an amended complaint as to the second alleged cause of action so as to state and number separately each cause of action therein contained, or otherwise amend the complaint so that it shall not be open to the objection raised upon this motion.

All concur. Present — HUBBS, P. J., DAVIS, SEARS, CROUCH and TAYLOR, JJ.

Order reversed, with ten dollars costs and disbursements, and motion granted in accordance with the opinion.