JAMES REES & SONS COMPANY, Plaintiff, *v.* ALEJANDRO ANGEL
and Another, Defendants.

Supreme Court, New York County, October 13, 1925.

Pleadings — complaint — motion granted to compel plaintiff to separately state and number separate causes of action on two distinct contracts — claims for " extras " performed under contract properly included in action — recitation of allegation in first cause of action by general reference in following actions improper — causes of action for money loaned and for account stated should be separately stated.

A complaint reciting as a first cause of action a claim predicated on two independent contracts should be so drafted as to set out the claim under each contract as a separate cause of action, and defendants' motion to require plaintiff to separately state and number said causes of action should be granted. Claims for " extras " alleged to be due under one of the aforesaid contracts may be properly included in the first cause of action.

A recitation of certain allegations in the first cause of action by a general reference in causes of action subsequently set up is improper, since defendants are entitled to be in position to plead or move as they may be advised with respect to each separately numbered cause or allegation.

Causes of action for money loaned and for an account stated should be separately stated and numbered.

MOTION by the defendants before answer, with reference to each of the five causes of action of the amended complaint, for an order directing the plaintiff to separately state and number certain causes of action, to strike out certain allegations, and to divide others into separate paragraphs.

*Burlingham, Veeder, Masten & Fearey* [*H. Putnam* of counsel], for the plaintiff.

*Jules H. Baer,* for the defendants.

LEVY, J.:

In the first cause of action a claim is asserted based on what appear to be two independent contracts made respectively on

September 18, 1915, and July 27, 1916. These contracts are annexed to the amended complaint as Exhibits A and B. The first deals with the construction by the plaintiff in behalf of the defendants of a certain boat of requisite specifications. Exhibit B has to do with the construction for the defendants by the plaintiff of two certain barges. It is quite clear that these are separate and independent contracts. Rule 90 of the Rules of Civil Practice provides as follows: " Each separate cause of action * * * shall be separately stated * * *."

The liability under each contract is unquestionably distinct, and constitutes a separate cause of action. Separate causes thus united give rise to valid objection. (*Egan & Co.* v. *Butterworth,* 66 App. Div. 480.)

In connection with the first cause of action it is further urged that claims for " extras " are improperly joined. In a cause of action to recover moneys claimed to be due under a written building contract, such as the one in suit, it is not necessarily improper to include a claim for " extras " performed under the very contract. (*McIntyre* v. *Second Avenue Railroad Company,* 1 Law Bull. 17.) As to the first cause of action, therefore, the plaintiff will be required merely to separate the causes of action based on the given contracts, so as to set forth a separate cause on each contract.

As to the second cause of action, it is sought to strike out the allegations of the 1st paragraph, which reads as follows: " Plaintiff repeats the allegations as to the parties herein, and the occupations thereof, as alleged in the first cause of action."

While this may properly be criticised as inartistic, it is quite apparent that the pleader intended simply to repeat the allegations of the first cause of action only in so far as they relate to the incorporation of the plaintiff, the copartnership of the defendants and the occupation of the parties. But as similar attack is directed against this sort of allegation in both the third and fourth causes of action, which is perfectly well justified and which will obviously necessitate the redrafting of the pleading in question, this might be corrected too. It is entirely clear that allegations contained in a separately numbered paragraph of one cause of action may be incorporated as a whole in another cause by mere reference and without the necessity of repeating them, but in this blanket form to attempt it is manifestly improper. This must be so, as the defendants are well entitled to be so placed as to enable them to plead or move as they may be advised with regard to each separately numbered cause or allegation.

Confusion also arises from the allegations in the fourth and fifth causes of action, and complaint is justly registered in respect

to them. The motion will be granted directing that the causes for money loaned and those for an account stated, respectively, be separately alleged. The plaintiff's amended complaint is also attacked for containing several allegations which may be said to be evidentiary and not essential to the *prima facie* causes of action set forth, as for example, the one disclosing the sale of the vessels to the Belgian government. This, however, may not recur in the contemplated pleading, but in any event the propriety of these allegations may be left until that pleading is served. The motion is, therefore, granted with leave to the plaintiff to serve a second amended complaint upon payment of all taxable costs to date and ten dollars costs of this motion within twenty days after the service of a copy of this order with notice of entry.