GEORGE E. LEVEILLE, Plaintiff, *v.* OSAKA SHOSEN KAISHA and Others, Defendants.

City Court of New York, New York County, April 10, 1930.

*Single & Single*, for the plaintiff.

*Kirlin, Campbell, Hickox, Keating & McGrann*, for the defendant Williams Steamship Company, Inc.

NOONAN, J.   The action is brought to recover for the alleged breach of contracts of carriage to carry eighty-five bales and forty bales of wiping rags from Kobe, Japan, to Baltimore, Md.   The complaint alleges that at the time of delivery at the place of destination the cargo was found to be badly damaged.

The initial Japanese boat carrier and two intermediate rail carriers have been made defendants in the case of each shipment.   At a point in the shipment the two final carriers received the cargo of 125 bales.   The shipments were made at Japan on two different dates and were carried by a different Japanese boat carrier to Seattle and San Francisco, and were picked up by the defendant Williams Steamship Company, Inc., and carried to the port of Baltimore, Md., and there delivered to the defendant Pennsylvania Railroad Company, for carriage to the city of Baltimore.   The defendant Williams Steamship Company, Inc., makes this motion (1) to compel the plaintiff to separately state and number the causes of action alleged in the complaint; (2) to compel the plaintiff to make the complaint more definite and certain by stating the nature of the damage alleged in paragraph 17 of the complaint; and (3) to strike out the 23d paragraph of the complaint.

The complaint alleges that the shipments were made under separate bills of lading, one shipment consisting of eighty-five bales and the other of forty bales.   Each bill of lading is a separate contract, the breach of which constitutes a separate and distinct cause of action.   Therefore, I think, the complaint should separately state and number each cause of action.   (Rules Civ. Prac. rule 90; *Egan & Co.* v. *Butterworth*, 66 App. Div. 480; *Morris & Company* v. *Southern Express Co.*, 197 id. 930; *Upson Co.* v. *Erie Railroad Co.*, 213 id. 262; *Rees & Sons Co.* v. *Angel*, 125 Misc. 771; affd., 218 App. Div. 831.)

It seems to me that the two other grounds of the motion may await the service of the amended complaint.

I think, however, that the plaintiff should state in more definite and certain terms the nature and the cause of the damage pleaded in paragraph 17 of the complaint.   This is necessary, so that the defendant may be in a position to plead with respect thereto in a proper manner.

The motion is granted as indicated, with leave to the plaintiff to serve an amended complaint within six days after service of the order entered herein with notice of entry thereof, and on payment of ten dollars costs. Settle order on notice of one day.