(11 Misc. Rep. 297.)

.FELTER v. MADDOCK et al.

(Common Pleas of New York City and County, General Term. February 4, .1895.)

1. RECEIVER PENDENTE LITE—TITLE TO PROPERTY.
    A receiver appointed pendente lite, "with the usual powers of receivers in like cases," is a mere common-law receiver, and as such takes no title to his insolvent's property, but the right of possession only as an officer of the court.

2. SAME—RIGHT TO SUE.
    A receiver pendente lite has power to sue to recover possession of property belonging to the estate of his insolvent.

3 PARTNERSHIP—ASSETS—MONEY PAID TO INDIVIDUAL CREDITOR.
    In New York, money withdrawn by a partner from the firm assets, and paid to an individual creditor, ceases to be assets of the firm, and cannot be recovered by a receiver pendente lite.

4 JUDGMENT BETWEEN CODEFENDANTS—THEORY OF COMPLAINT.
    In an action by a receiver pendente lite of partnership property to recover as assets of the firm money withdrawn by one of the partners and paid to his individual creditor, the copartner was made a defendant for the reason that she might have an equity in the assets of the firm, if any, and in her answer she reasserted that position, and demanded judgment accordingly. Held, that on dismissal of the complaint on the ground that the money so paid ceased to be firm assets, and therefore could not be recovered by the receiver, the action could not be continued in order to determine such codefendant's rights, as that would require a decision contrary to the theory of the action.

Appeal from equity term.

Action by David Felter, as receiver of the copartnership assets and effects of Maddock & Steel, against Jeanie E. Maddock, George Steel, and Andrew W. Kent. From a judgment dismissing the complaint, plaintiff and defendant Jeanie E. Maddock appeal. Affirmed.

For proceedings by Jeanie E. Maddock to wind up the affairs of the firm, see Maddock v. Steel, 23 N. Y. Supp. 61, 31 N. Y. Supp. 219.

Argued before BOOKSTAVER, BISCHOFF, and GIEGERICH, JJ.

John A. Straley, for appellant Felter.

Frederick W. Hinrichs, for appellant Maddock.

George C. Blanke and William H. Maginnis (Andrew Wesley Kent, of counsel), for respondents.

BOOKSTAVER, J. At the opening of the trial, the defendants Steel and Kent moved to dismiss the complaint, on the ground that it exhibited no cause of action in favor of plaintiff. By the complaint it is alleged that the firm of Maddock & Steel, represented by plaintiff, as receiver, was dissolved under the articles of copartnership, by limitation, on the 26th January, 1893; that after that time, and until the appointment of plaintiff as receiver, the property, assets, and effects of the firm were in the possession and under control of the defendant George Steel; that, after the dissolution of the copartnership, an action was brought by the defendant Jeanie E. Maddock in the supreme court against George Steel to wind up the affairs of Maddock & Steel, in which action, on February 27, 1893,

plaintiff was appointed receiver of the property, assets, and effects of the firm of Maddock & Steel pendente lite, with the usual powers of such receivers in like cases, and that he duly qualified; that an order was entered about June 2, 1893, authorizing the plaintiff, as receiver, to commence and prosecute this action; that, at the dissolution of the firm, the partnership was insolvent, and unable to pay its creditors, to the knowledge of defendants Steel and Kent; that on the 8th, 9th, and 10th days of February, 1893, defendant Steel withdrew from the copartnership assets of the firm of Maddock & Steel several sums of money, and paid the same to defendant Kent in part settlement of an individual indebtedness of Steel to Kent, and not otherwise; that such sums were paid by Steel and received by Kent with full knowledge on the part of both that the same was in payment of an individual indebtedness of Steel to Kent, and not applied in payment of a copartnership liability; that a demand was properly made on both of these defendants to return the moneys to plaintiff, which they refused; that Kent is an attorney and counselor at law, and has been the legal and confidential adviser of Steel, and had full knowledge of the relation of Steel to the firm of Maddock & Steel; and that defendant Maddock is a party defendant, for the reason that, as a copartner of said firm, she may be entitled to an equity in the assets of the firm, if any.    The complaint then prays that the money paid by Steel to Kent may be adjudged assets of the firm of Maddock & Steel, and that they, or either of them, be directed to return the money to plaintiff, as receiver, with interest.

The only question, therefore, in the case, is whether plaintiff, as receiver, has capacity to sue.    As alleged in the complaint, the plaintiff was appointed receiver pendente lite in the action brought by Maddock against Steel, with the usual powers of receiver in such cases, and as such he brings this action.    The order of the court permitting him to sue as alleged in the complaint does not confer upon him any other powers than those already given him, and did not in any way attempt to clothe him with new powers, or to invest him with title to the property, and consequently did not enlarge his powers.    We have repeatedly held that receivers so appointed were mere common-law receivers, and, as such, acquired no title to the copartnership property; their right was one of possession merely, as officers of the court; and that the title remained where it was when they were appointed; and that such appointment did not make them trustees of creditors.    Devlin v. City of New York, 4 Misc. Rep. 106, 23 N. Y. Supp. 888; Forker v. Brown, 10 Misc. Rep. 161, 30 N. Y. Supp. 827; Buckley v. Harrison (Com. Pl. N. Y.) 31 N. Y. Supp. 999. Such receivers have power to collect and receive the debts, demands, and other property of the corporation, to preserve the same, and, in proper case, to sell or dispose of the property as directed by the court, and to maintain any action or special proceeding necessary and proper for these purposes, but no other.    It would follow, therefore, that such receivers may commence actions which can be sustained by proof of possession only, without proof of title, legal or equitable.

The question, then, arises whether the payment of the moneys to the defendant Kent, under the circumstances alleged in the com-

plaint, transferred title to him, or whether such moneys remained assets of the copartnership. This question has been much debated, and has received different answers. In the courts of Pennsylvania, Ohio, Wisconsin, and certain other states such moneys have been held to remain assets of the copartnership. Purdy v. Powers, 6 Pa. St. 492; Thomas v. Pennrich, 28 Ohio St. 55; Viles v.Bangs, 36 Wis. 131. But a directly opposite conclusion has been arrived at by the courts of England, Massachusetts, New Jersey, Illinois, and of this state. Jones v. Yates, 9 Barn. & C. 532; Wallace v. Kelsall, 7 Mees. & W. 264, 273; Homer v. Wood, 11 Cush. 62; Craig v. Hulschizer, 34 N. J. Law, 363; Church v. Bank, 87 Ill. 68; Calkins v. Smith, 48 N. Y. 614. The learned counsel for the plaintiff, in an able and ingenious brief showing much research, claims that the case last cited is distinguishable from the one under consideration, in that the decision was made in an action at law for the recovery of damages, and not in an action in equity. But in that case the court distinctly held that the cause of action was not a part of the assets of the firm, and that no interest therein was conveyed by the various assignments to the plaintiff in that action, including that of a receiver pendente lite; and the reasoning in the prevailing opinion applies as well to an equitable action as to one at law. Judge Earl, in delivering the prevailing opinion, said:

"I am inclined to think that the fraud was not a joint fraud for which the three partners could unite in a common-law action; but it was a fraud upon each partner separately, for which he could sue alone to recover the damages which he sustained. The damage sustained by each partner was not the same, but was in proportion to his interest in the partnership."

Again, plaintiffs' counsel "claimed that plaintiffs took their title to this demand through the assignment from the receiver. But it passes my comprehension how they could get title to the cause of action from that source, as Tift was appointed receiver only of the assets of the firm. This cause of action was no part of the assets of the firm, was never vested in Tift, and he could not, therefore, transfer any title thereto to the plaintiffs." It is true that this decision was arrived at by a divided court. Nevertheless, we regard it binding upon us in this case; and it would therefore be bootless for us to review the various arguments by which diverse conclusions are arrived at in the different courts, for, no matter what conclusion we arrive at, we would still feel bound to follow the decision of the highest court in this state. The ingenious suggestion that this action is brought to declare the funds copartnership assets, and to reach them as such, and not an action to set aside a fraudulent title to property, cannot, therefore, prevail, and the complaint was properly dismissed as to the plaintiff.

But the defendant Maddock claims that, even though the complaint may have been properly dismissed as to the plaintiff, it ought to have been continued in order to determine her rights as a member of the firm; and it is certainly true that, where all parties to a controversy are before the court, and one asserts or establishes a right against another, the court may determine the rights of the parties. But in such case the judgment must be secundum allegata et pro-

bata. In other words, judgment cannot be given in direct hostility to the theory of the action and the substantial allegations of the pleadings. Day v. Town of New Lots, 107 N. Y. 146, 13 N. E. 915; Hawes v. Dobbs (Com. Pl.) 18 N. Y. Supp. 123, and cases cited. As far as the defendant Maddock is concerned, the theory of this action is that the title to the claim is vested in the receiver of the copartnership, and hence that he can recover. The answer of defendant Maddock reasserts this position, and demands judgment accordingly. To hold that, because all the parties are before the court, any claim which might be established in favor of one and against another can be made the subject of trial and judgment, irrespective of the pleadings and the theory of the action, would be to ignore all principles of pleadings. The complaint was therefore properly dismissed as to the defendant Maddock, and the judgment should be affirmed, with costs. All concur.