[S. F. No. 1875. Department Two.—December 27, 1901.]

SAMUEL D. WARD, Receiver of the Republic Life Insurance Company, Appellant, v. THE PACIFIC MUTUAL LIFE INSURANCE COMPANY, and JOHN T. DOYLE, Respondents.

LIFE INSURANCE—POLICY FROM DOMESTIC TO FOREIGN COMPANY—ACTION BY FOREIGN RECEIVER—JUDGMENT UPON ATTACHMENT BY DOMESTIC CREDITOR—COMITY.—The rule of comity allowing a receiver appointed in another state to maintain an action in the courts of this state does not apply to sustain an action by the receiver of an insurance company of another state, appointed under its laws, upon a policy issued by an insurance company organized under the laws of this state, and payable to such foreign insurance company, where it appears that the full amount to be paid thereon had been garnisheed in an attachment suit brought in this state by a resident creditor of such foreign corporation, in which suit judgment was obtained against the foreign corporation, and the whole fund was claimed by such resident judgment creditor.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. J. C. B. Hebbard, Judge.

The facts are stated in the opinion of the court.

Vincent Neale, for Appellant.

Fox, Kellogg & Gray, for Pacific Mutual Life Insurance Company, Respondent.

Garret W. McEnerney, for John T. Doyle, Respondent.

McFARLAND, J.—This is an appeal by the plaintiff from a judgment in favor of the defendants and from an order denying his motion for a new trial.

This action was brought by the plaintiff as receiver of an insolvent Illinois corporation, called the Republic Life Insurance Company. Plaintiff was appointed receiver by a court of the state of Illinois, under a statute of that state. He commenced this action in the superior court of California against the defendant the Pacific Mutual Life Insurance Company, a corporation of this state. The alleged cause of action is based

on a policy of insurance issued by said defendant on the life of one Crowell, and payable to the said Republic Life Insurance Company of Illinois, of which petitioner is receiver. Crowell died, and proper proof of his death was made. The Pacific Mutual Life Insurance Company admitted its liability on the policy, but declined to pay, because the amount to be paid thereon had been garnisheed in an attachment suit brought in the superior court of San Mateo County, in this state, by John T. Doyle, a resident of this state, against said Republic Life Insurance Company of Illinois. It set up these facts in its answer, and prayed that it be allowed to pay the amount into court, and that Doyle be brought in as a substituted defendant, and an order to that effect was made. Doyle appeared and answered, and set up his action against the Republic Life Insurance Company, the issuance of a writ of attachment therein, the garnishment of the Pacific Mutual Life Insurance Company, and the fact that he had obtained judgment in the said action.

The first point made by respondents is, that an action by a foreign receiver cannot be maintained here against a domestic creditor claiming the same fund, situated here, of the insolvent foreign corporation, which is sought to be appropriated by the receiver of such corporation. As we think that this contention of respondents must be sustained, it will not be necessary to consider the various other contentions made by the parties.

All the rights and powers of the plaintiff in the premises, as receiver, are derived from the statute of Illinois, and are confined to the territorial jurisdiction of that state; the statute in question has no force in California. It is true that a receiver appointed under the laws of one state will sometimes be allowed, by comity, to maintain a suit involving property in another state, where there are no claims or interest of the citizens of the latter state to be considered, but not where there are conflicting claims of domestic creditors to the property or fund who are pursuing their remedies under the statutes of the other state. There are numerous authorities to this point; but as this court has had occasion to declare the rule in *Humphreys* v. *Hopkins*, 81 Cal. 551,[1] it is only necessary to refer to that case, and to many authorities cited by

[1] 15 Am. St. Rep. 76.

Freeman in his notes to *Alley* v. *Caspari*, 6 Am. St. Rep. 187, referred to in the opinion in the former case. In *Humphreys* v. *Hopkins*, 81 Cal. 551,[1] the court, speaking of orders appointing receivers in other states, say: "The authorities as to the effect to be given in other jurisdictions to such orders are collected in a note to the case of *Alley* v. *Caspari*, 6 Am. St. Rep. 185. The result is summed up by the editor (p. 189) as follows: 'We deduce, therefore, from a thorough examination of the cases and text-books upon the subject, that the great weight of authority is, and should be, in keeping with the decision rendered by Mr. Justice Wayne in *Booth* v. *Clark*, 17 How. 334, that a foreign receiver has no right to sue in another state; but that, on the ground of comity, the court will, in a just and proper exercise of a sound legal discretion, permit such suits to be maintained for the purpose of thereby doing justice where the good of a large number would demand it, by recognizing the orders and judgments of the courts of a sister state. But in none of the cases is such right to sue conceded, or the suit permitted to be maintained by the foreign receiver, where the claim sought to be enforced conflicts with the rights of citizens or creditors in the state where the suit is brought.' We think that the effect of the decisions is correctly stated in this extract from Mr. Freeman's note, and we think that in this case justice to our own citizens requires that we should not extend the principle of comity so far as to award this property to the representatives of creditors residing in other states, and who are seeking to hold it for their own exclusive benefit." There was a dissent in that case, but not as to the general principles announced. The leading authorities on the point are collated by Mr. Freeman under the head of "Jurisdiction as to Suits by Receivers Appointed in Other States" in the notes to *Alley* v. *Caspari*, 6 Am. St. Rep. 185, above referred to. (See, also, *Iowa etc. L. Co.* v. *Hoag*, 132 Cal. 627.)

The judgment and order appealed from are affirmed.

Temple, J., and Henshaw, J., concurred.

---

[1] 15 Am. St. Rep. 76.