SAMUEL LIEBSTER, Appellant, *v.* MITCHELL M. FRIEDMAN and Others, Copartners Doing Business under the Firm Name and Style of FRIEDMAN & Co., Respondents.

First Department, February 6, 1920.

**Pleadings — motion for judgment on complaint and demurrer may be granted as to causes of action not demurrable — incorporation by reference in second cause of action of allegations in first — necessity that reference be to particular paragraphs — principal and agent — action for commission for sale of stock — sufficiency of complaint.**

A motion by the plaintiff for judgment on the pleadings, consisting of a complaint and a demurrer, should be granted as to all causes of action set forth which are not subject to the demurrer.

The statement of a second cause of action is defective if it seeks to incorporate therein a part of the allegations of the first cause of action stated, by a reference to the " First Cause of Action " instead of the specific paragraphs of the complaint sought to be reiterated therein.

Complaint in an action to recover, *first*, commissions earned in the sale of certain preferred stock of a corporation and, *second*, commissions for the sale of certain common stock in the same corporation, examined, and *held*, defective as to both causes of action.

SMITH, J., dissents in part.

APPEAL by the plaintiff, Samuel Liebster, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 13th day of November, 1919, denying plaintiff's motion for judgment on the pleadings.

*Charles J. Lane,* for the appellant.

*Aaron H. Marx* of counsel [*Walter E. Godfrey* with him on the brief], for the respondents.

DOWLING, J.:

Plaintiff has moved for judgment on the pleadings consisting of the complaint and the demurrer. The complaint herein sets forth three causes of action: (1) To recover the sum of $956.50 commissions claimed to have been earned upon the sale of certain shares of preferred stock of the Dayton Coal and Iron Railway Company; (2) to recover the sum of $2,675, commissions claimed to have been earned upon the sale of shares of the common stock of said company; (3) to recover the sum of $1,850, commissions claimed to have been earned upon the amount collected by plaintiff for defendants from certain of their customers, at an agreed compensation of five per cent upon the amounts so collected.

The defendants demurred generally to the complaint on the ground that it did not state facts sufficient to constitute a cause of action and also demurred to each of the three causes of action upon the same ground.

Plaintiff moved for judgment on the pleadings, which motion was at first granted and then on a reargument denied.

It has been held that where a motion for judgment on the pleadings (consisting of a complaint and an answer) for the dismissal of the complaint has been made by defendant, the complaint may not be dismissed if it discloses any cause of action. (*Hunt* v. *Armstrong*, 166 App. Div. 311.) So it would likewise seem, if plaintiff moves for judgment on the pleadings consisting of a complaint and a demurrer, where more than one cause of action is set forth, that he is entitled to have his motion granted to the extent that he sets forth one or more causes of action, which are not subject to demurrer.

In the case at bar we are of the opinion that the first cause of action pleaded is defective for the reasons stated by the learned justice at Special Term. As to the second cause of action, we are of the opinion that it is defective in that it seeks to incorporate in the paragraph marked VII by reference the " First Cause of Action," instead of the specific paragraphs of the complaint sought to be reiterated therein; also because it contains no averment that plaintiff agreed to enter the employ of defendants; further because it contains no allegation of due performance by plaintiff of the terms and conditions of the agreement on his part to be performed,

nor in lieu thereof does it state the necessary facts, because the facts as alleged do not show the amount of stock sold by him nor the rate of computation of commissions, so that the amount thereof as stated is only a conclusion.

We are of the opinion, however, that the third cause of action is sufficiently stated and was not subject to demurrer.

It follows, therefore, that the motion for judgment on the pleadings should have been granted as to the third cause of action, but denied as to the other two.

The order appealed from will be modified accordingly, and as modified affirmed, without costs, with leave to plaintiff to serve an amended complaint and with leave to defendants to withdraw their demurrer and to serve an answer to the third cause of action.

CLARKE, P. J., PAGE and PHILBIN, JJ., concur; SMITH, J., dissents in part, holding the second cause of action well stated.

Order modified by granting motion as to third cause of action and denying same as to first and second causes of action, and as so modified affirmed, without costs, with leave to plaintiff to serve amended complaint, and with leave to defendants to withdraw demurrer and to answer as to the third cause of action.