Flaacke *v.* Winona Mills Co.

---

GEORGE W. FLAACKE, RECEIVER, *vs.* THE WINONA
MILLS COMPANY ET AL.

Third Judicial District, Bridgeport, April Term, 1926.

WHEELER, C. J., CURTIS, MALTBIE, HAINES and HINMAN, Js.

In certain instances the receiver of a corporation appointed by the courts of one State becomes so vested with title to the property of the corporation and stands toward it so in the position of an assignee or statutory successor that he may not constitutionally be denied the right to sue in the courts of another State; but unless his appointment carries with it these incidents, he is entitled to maintain such an action only by virtue of the principles of comity existing among the several States.

If an action by a foreign receiver would result to the disadvantage of the just claims of the citizens of this State, comity does not require that he be permitted to prosecute it.

In 1913, the A Co., a New Jersey corporation, was voluntarily dissolved, its directors acting as trustees, and its assets were transferred to the B Co. which later consolidated with the C Co. to form the D Co., all three being corporations organized under the laws of Connecticut. In 1924, the Court of Chancery of New Jersey, upon the application of a stockholder of the A Co. who had not surrendered his original shares of stock in the successor corporations, appointed the plaintiff receiver of the A Co. under a statute authorizing such procedure in order to secure the settlement of the affairs of corporations in dissolution. The plaintiff then brought the present action, alleging maladministration in the dissolution of the A Co. and the transfer of its properties to the Connecticut corporation, and claiming a reconveyance of its assets to himself as receiver, an accounting and other relief. The trial court found that the action was not brought in good faith, that its maintenance would disrupt and bankrupt the Connecticut corporation and result prejudicially to the interests of local creditors and stockholders, and concluded that the plaintiff had no standing in the courts of this State. *Held:*

1. That the New Jersey statute, under which the plaintiff was appointed, was not such as to give him an absolute right to sue in this State; and that the privilege to do so, resting upon comity, was, in view of the facts found, properly denied him by the trial court.

2. That under the established rule in this State (which could not be changed by the plaintiff's "admission" to the contrary upon the trial), an equitable right such as that asserted by the plaintiff would, if sustained, take precedence over the claims of local creditors who had not relied upon the property sought to be impressed with the trust.

Argued April 23d—decided July 30th, 1926.

ACTION by the receiver of a foreign corporation to set aside certain conveyances and transfers of the property of the corporation to the defendants, for an accounting, for the appointment of a receiver, and for other relief, brought to the Superior Court in New Haven County where the plaintiff's demurrer to the defendants' substituted plea to the jurisdiction and in abatement was overruled (*Wolfe, J.*) and the issues

raised by the plea were later tried to the court (*Simpson, J.*) and found for the defendants, and from the judgment rendered thereon the plaintiff appealed. *No error.*

In 1913 the Columbia Hosiery Company, a New Jersey corporation, took steps looking to a voluntary dissolution. This was done in pursuance of a plan to carry on the business thereafter by means of a corporation to be organized under the laws of Connecticut, to which were to be transferred all the assets of the New Jersey corporation, and the stock of which was to be issued to the stockholders of that corporation. Resolutions specifically providing for these changes were presented at stockholders' meetings, at which every share of stock in the corporation was represented, and were unanimously adopted. The written consent of all stockholders to the dissolution of the corporation was filed in the office of the Secretary of the State of New Jersey, and a certificate of dissolution was issued. Thereafter a Connecticut corporation, the defendant the Winona Mills Hosiery Company, was organized, the assets of the Columbia Hosiery Company were turned over to it, and shares of stock in it were issued to all the holders of stock in the Columbia Hosiery Company, except that fifteen shares of the latter stock were never surrendered for exchange. Later, the Winona Mills Hosiery Company consolidated with another corporation, the Winona Mills Underwear Company, and the defendant the Winona Mills Company was organized, also under the laws of Connecticut.

One Sariol, after the issuance of the certificate of dissolution of the Columbia Hosiery Company, purchased certain shares of its stock, which he still holds. In November, 1921, he brought an action in the Superior Court in New Haven County, and attached the

property of the Winona Mills Company, and in that action, which is still pending, he alleges that he owns fifteen shares of stock of the Columbia Hosiery Company, and claims to recover such a portion of the assets of the Winona Mills Company as would be represented by those shares. On November 12th, 1924, upon his petition, the Court of Chancery of New Jersey appointed the plaintiff receiver of the Columbia Hosiery Company, on the ground that its directors, as trustees, had not settled its affairs as they should have done, and directed him to take charge of the estate and effects of the corporation, to collect its debts and property, by suit or otherwise, and to do all other acts which the corporation might have done, were it in being, and which might be necessary for the final settlement of its unfinished business.

Thereupon the receiver brought the present action. The gist of it is that the directors of the Columbia Hosiery Company, as trustees upon its dissolution, neglected to settle its affairs, or to organize a Connecticut corporation in accordance with the votes of its stockholders, but themselves for more than six years carried on the business, holding themselves out as being the representatives of a continuing corporation; that when finally a Connecticut corporation was organized, the assets of the Columbia Hosiery Company turned over to it, and shares of stock in it issued in place of the stock of the Columbia Hosiery Company, all the stockholders did not assent or accept the stock of the new company; that the organization of the Connecticut company was a mere pretense and colorable compliance with the votes of the stockholders of the Columbia Hosiery Company; that the acts of the directors constituted a violation of the trust upon which they were administering the affairs of that corporation after its dissolution; and that the

two defendant corporations took its assets with knowledge of the trust upon which they were held. The relief sought is the setting aside of the transfers of the assets of the Columbia Hosiery Company to the defendant corporations, and a conveyance of the property to the plaintiff receiver; an accounting by them for their use and enjoyment of the property; an accounting by one of the directors of the Columbia Hosiery Company, named as an individual defendant, as regards the use of the assets of that company by him and the other trustees; and the appointment of a temporary receiver.

To this complaint the defendants filed a plea in abatement on the ground that the plaintiff, as a receiver appointed by the Chancery Court of New Jersey, had no right to sue in our courts; that, if the suit were maintained, it would adversely affect citizens of Connecticut who are stockholders in or creditors of the Winona Mills Company; and that there are no creditors of the Columbia Hosiery Company, but the action is brought for the sole benefit of Sariol, under pretense of a suit by the receiver. A demurrer to the plea being overruled and a hearing had, the trial court has found the facts stated above, and in addition the following: The Winona Mills Company has outstanding stock to the amount of $242,100; its assets, exclusive of good-will, amounted on December 31st, 1924, to $282,000, and its liabilities, to $131,000, but it was able to pay its bills as they became due in the regular course of business. The Winona Mills Company has had extensive business relations with and has incurred large obligations to citizens of Connecticut, which are now outstanding. A majority of the stockholders of the Winona Mills Underwear Company were and are residents of Connecticut, and its assets have been mingled with those of the Winona Mills Hosiery Com-

pany. If the plaintiff is permitted to maintain this action, it will be prejudicial to the former stockholders of the Winona Mills Hosiery Company and to local stockholders and creditors of the Winona Mills Company, and it will disrupt and bankrupt that corporation. There are no creditors of the Columbia Hosiery Company. Sariol was represented at the stockholders meeting of the Winona Mills Hosiery Company at which the merger of that corporation into the Winona Mills Company was determined upon, and made no protest. He has been offered the privilege of converting the stock of the Columbia Hosiery Company into that of the Winona Mills Company, but has neglected to do so. The suit in New Jersey in which the plaintiff was appointed receiver, as well as the present suit, is tainted with lack of good faith.

*Walter J. Walsh,* for the appellant (plaintiff).

*William R. Pitkin,* for the appellees (defendants).

MALTBIE, J. The plaintiff in his appeal attacks the finding of the court last recited, but as he has taken no steps to bring the evidence before us, we are in no position to review it. Viewed from the standpoint of the other facts found, the conclusion of the trial court would seem to be entirely reasonable.

The plaintiff contends that he has a right to bring and prosecute the action which the courts of this State may not deny to him. It is true that in certain instances the receiver of a corporation appointed by the courts of one State becomes so vested with title to the property of the corporation, stands toward it so in the position of an assignee or statutory successor, that he may not be denied the right to sue in the courts of another State. *Converse* v. *Hamilton,* 224 U. S. 243, 32 Sup. Ct. 415. By § 65 of the Corporation Act of

New Jersey, as amended, a receiver of a corporation may be appointed for various reasons, including its insolvency; by § 66, such a receiver is granted certain general powers; and by § 68, all the property of an insolvent corporation is expressly vested in its receiver, and the corporation is divested of it. 2 Comp. Stat. of New Jersey, pp. 1640, 1643, 1644; Laws of New Jersey, 1912, Chap. 300. The New Jersey courts have decided that a receiver, though appointed under the provisions of § 65, is not by the statutes, and may not be by the court, vested with title to the property of the corporation unless it is insolvent. *Morse* v. *Metropolitan Steamship Co.,* 88 N. J. Eq. 325, 102 Atl. 524. Section 56 of the Corporation Act authorizes the appointment of a receiver to settle the affairs of a corporation in dissolution, and provides that he shall take charge of the estate and effects of the corporation, collect its debts and property, prosecute and defend suits, and appoint agents, and do all other things the corporation might do, if in existence, for the final settlement of its unfinished business. 2 Comp. Stat. of New Jersey, p. 1636. These powers are certainly no more extensive than, if as extensive as, those granted to receivers of corporations under § 65, and if a receiver appointed under that section is not vested with title to the property of the corporation unless it is insolvent, certainly a receiver appointed under § 56 is not. In *Sterrett* v. *Second National Bank,* 248 U. S. 73, 39 Sup. Ct. 27, the Supreme Court of the United States denied to a receiver appointed by an Alabama court the right to prosecute an action in a District Court of the United States, although the statutes of Alabama granted him powers almost identical with those enumerated in § 56, the court holding that title was not so vested in him as assignee or statutory successor of the corporation

as to authorize a recovery by him in a foreign juris-
diction.

If the plaintiff is entitled to prosecute the action in
our courts at all, it is only by virtue of the principles of
comity existing among the several States. *Upton* v.
*Hubbard,* 28 Conn. 274, 284; *Howarth* v. *Lombard,*
175 Mass. 570, 572, 56 N. E. 888; *Matter of Account-
ing of Waite,* 99 N. Y. 433, 2 N. E. 440; 2 Tardy's
Smith on Receivers (2d Ed.) p. 1932. But where
the maintenance of an action by a receiver in the court
of a foreign State will result to the disadvantage of the
just claims of the citizens of that State, comity does
not require that he be permitted to prosecute it, and
the privilege to do so should be denied to him. *Paine*
v. *Lester,* 44 Conn. 196, 204; *Kurd* v. *City of Elizabeth,*
41 N. J. L. 1; *Runk* v. *St. John,* 29 Barb. (N. Y.) 585,
587; *Catlin* v. *Wilcox Silver-Plate Co.,* 123 Ind. 477, 24
N. E. 250; *Ward* v. *Pacific Mutual Life Ins. Co.,* 135
Cal. 235, 67 Pac. 124; 1 Wharton on Conflict of Laws
(3d Ed.) p. 838.

The trial court finds that the successful prosecution
of the suit by the plaintiff will not merely be preju-
dicial to the rights of local stockholders and creditors
of the Winona Mills Company, but will result in the
bankruptcy of the company. It is true that at the
trial plaintiff's counsel "admitted" that all creditors
who have dealt with that corporation without notice of
the claims set up in the complaint, would take preced-
ence in right over the plaintiff; but the plaintiff is seek-
ing to impose a trust upon the property of the cor-
poration, and we have held that creditors who have
not extended credit upon the strength of the property
to be charged, are not entitled to precedence as against
such an equitable right as he asserts; *Waterman* v.
*Buckingham,* 79 Conn. 286, 64 Atl. 212; and he as re-
ceiver cannot by his admissions give priority to them.

*Caulfield* v. *Green*, 73 Conn. 321, 324, 47 Atl. 334; *Isaacs* v. *Stevens*, 13 Conn. 499, 506. The successful prosecution of the action would necessarily result in the removal from the State of assets of the Winona Mills Company, to which its creditors are looking as security for the payment of its debts, and its bankruptcy would in all probability result in loss to them. Local stockholders of the Winona Mills Underwear Company, which merged with the Winona Mills Hosiery Company to form the Winona Mills Company, cannot be assumed to have participated in the acts by which the last-named company became possessed of the assets of the Columbia Hosiery Company; yet the interest acquired by them in the Winona Mills Company through the merger by which it was constituted, will be destroyed by its bankruptcy. There are no creditors of the Columbia Hosiery Company to be protected by the receivership, nor does it appear that any of its former stockholders, except possibly Sariol, are in a position to question the formation of the Connecticut corporation and the transfer of assets to it, in view of their participation in the proceedings, or that they desire to press the claims made by the receiver. Sariol alone seeks to benefit by the appointment of the receiver and the prosecution of the suit, and he is a resident of New York. The trial court has found that he has been offered the privilege of converting the stock held by him into stock of the Winona Mills Company, and no doubt that opportunity is still available to him. If he is not willing to take that course, our courts are open to him, and in them he may seek redress for any injury he has suffered, thereby affording to creditors and other interested parties here resident the opportunity to claim the protection of their own jurisdiction. In such a situation comity does not require that our courts accord to the receiver the

privilege of prosecuting his action in them, and the trial court soundly exercised its discretion in refusing him permission to do so.

There is no error.

In this opinion the other judges concurred.