LIBMAN-SPANJER CORPORATION and WALTER LAWRENCE, SR., Doing Business under the Firm Name and Style of THE ATLAS ELECTRIC CONSTRUCTION COMPANY, Plaintiffs, *v.* ROYAL HALL, INC., and Others, Defendants.*

Supreme Court, New York County, April 12, 1932.

* See, also, 146 Misc. 351.

*Max Grossberg,* for the plaintiff Libman-Spanjer Corporation.

*Herbert M. Soderstrom,* for the plaintiff Walter Lawrence, Sr.

*Abraham H. Sarasohn,* of counsel for both plaintiffs.

*M. Mortimer Lancet,* for the defendant Sarah Perlmutter.

UNTERMYER, J. Plaintiffs, general creditors of Royal Hall, Inc., bring this action to set aside an alleged fraudulent transfer of funds belonging to the debtor, to the extent necessary to satisfy their claims. The defendant Perlmutter, the assignee of a judgment creditor of Royal Hall, Inc., who was directed to be brought in as a party to the action by an order of the court, asserts a counterclaim by which she likewise seeks to have the transfer set aside. She prays that a receiver be appointed for the property of the debtor corporation, and " that the proceeds of all such property be justly and fairly distributed among the fair and honest creditors of such corporation." The plaintiffs challenge the sufficiency of the counterclaim on the ground that by the commencement of this action they have acquired a specific lien upon the funds in suit which is paramount to the rights any other creditors may have in the property sought to be reached, and that the counterclaim, therefore, does not tend to diminish or defeat the plaintiffs' recovery in this action.

The plaintiffs have not reduced their claims to judgment, nor have they attached the property involved in this suit. By virtue of article 10 of the Debtor and Creditor Law, a creditor may now, as a matter of right, " seek the aid of equity, and without attachment or execution, may establish his debt, whether matured or unmatured, and challenge the conveyance in the compass of a single suit." (*American Surety Co.* v. *Conner,* 251 N. Y. 1, 7.) The right to have the transfer set aside " to the extent necessary to satisfy his claim " (Debtor and Creditor Law, § 278, subd. 1 [a]) does not, however, carry with it an implication that the creditor acquires a lien on the fund, in preference to all other creditors, by the mere commencement of his suit. By coming into equity, the creditor subjects himself to the doctrine that " equality among all creditors is equity." The maxim will be applied unless the vigilance of a creditor whose diligence has pursued the property into a court of equity would otherwise be thwarted because of the inadequacy of the remedy at law. Thus, where the assets of the debtor cannot from their nature be reached by an execution at law, the institution of a suit in aid of execution will vest in the creditor

an equitable lien entitling him to priority over other creditors. (*Edmeston* v. *Lyde*, 1 Paige, 637; *M'Dermutt* v. *Strong*, 4 Johns. Ch. 687.) The suit is then regarded as an actual levy upon the equitable assets of the debtor. (*Lynch* v. *Johnson*, 48 N. Y. 27, 33; *Storm* v. *Waddell*, 2 Sandf. Ch. 494; *Hammond* v. *Hudson River Iron & Machine Co.*, 20 Barb. 378; *Whalen* v. *Strong*. 230 App. Div. 617.) But, unless the action is brought in furtherance of execution, the creditor does not acquire a lien upon the fund merely by commencing the suit. (*First National Bank* v. *Shuler*, 153 N. Y. 163, 172.)

It is true that under the statute the creditor is no longer required to exhaust his legal remedies before he may have resort to equitable relief. The statute does not purport, however, to confer a preferential right on a creditor who elects to bring suit to set aside the conveyance before he attempts to invoke other legal remedies which may exist in his favor. On the contrary, the statute permits a creditor to avail himself of the alternative remedy of an attachment. (Debtor and Creditor Law, § 278, subd. 1 [b].) The plaintiffs here have not attached the property or taken other steps to acquire a lien. They cannot, therefore, recover judgment to the exclusion of other creditors who now assert a right to participate in the funds of the debtor which may be uncovered by the suit. (*Day* v. *Washburn*, 65 U. S. 352; *National Tradesmen's Bank* v. *Wetmore*, 124 N. Y. 241; *Robinson* v. *Stewart*, 10 id. 189, 195; *Harvey* v. *McDonnell*, 113 id. 526, 531.)

The counterclaim as pleaded is defective, however, in that it seeks to incorporate by a general reference in paragraph " Twelfth " allegations contained in the complaint which are essential to the defendant's cause of action, but which are not sufficiently identified. (*Liebster* v. *Friedman*, 190 App. Div. 649; *Clinckett* v. *Casseres*, 205 id. 710; *Bigelow* v. *Drummond*, 98 id. 499; *Rees & Sons Co.* v. *Angel*, 125 Misc. 771; affd., 218 App. Div. 831.) The other parties to the action are entitled " to be so placed as to enable them to plead or move as they may be advised with regard to each separately numbered allegation."

The motion to dismiss the counterclaim contained in the amended answer of the defendant Perlmutter is accordingly granted, with leave to the defendant Perlmutter to serve a second amended answer within ten days after service of a copy of this order with notice of entry thereof.