(March 31, 1952.)

■

LOUIS COHEN, as Receiver of SANFORD HOTEL CORP., Appellant, v. LEO E. SHERMAN, Respondent, et al., Defendants.— temporary receiver is merely a custodian and agent of the court, whose functions are limited to the care and preservation of the property committed to his charge and who does not supersede the corporation in the exercise of its corporate powers except as to the particular property confided to him, with title to its property remaining in the corporation. (*Decker* v. *Gardner*, 124 N. Y. 334, 338–339; *Sigua Iron Co.* v. *Brown*, 171 N. Y. 488, 494.) He may not bring an action except by permission of the court appointing him or specific statutory authority. (*Foster* v. *Townshend*, 68 N. Y. 203, 206; General Corporation Law, § 162; cf. *Rockwell* v. *Merwin*, 45 N. Y. 166.) Assuming the truth of the allegations of the complaint we are of the opinion that title to the moneys paid by the corporation to respondent was transferred to respondent, and that such moneys were not assets of the corporation and did not constitute a debt, demand or other property of the corporation for which an action could be instituted by the temporary receiver. (*Quintal* v. *Kellner*, 264 N. Y. 32; *Felter* v. *Maddock*, 11 Misc. 297.) Plaintiff did not have legal capacity to sue and the complaint, therefore, was properly dismissed. Nolan, P. J., Carswell, Johnston, Adel and Schmidt, JJ., concur.

■

ELLIOTT J. FINKELSTEIN, Respondent, v. KESALP REALTY CORP. et al., Defendants, and WILLIAM I. ALPERT et al., Appellants.— Assuming that the complaint states a cause of action against the seller for commissions earned, agents who, acting within the scope of their authority, induce the principal to breach a contract are not liable in damages to the other party to the contract. (*Greyhound Corp.* v. *Commercial Cas. Ins. Co.*, 259 App. Div. 317.) We construe the allegation that appellants controlled the seller corporation as an averment that they were its agents. Carswell, Acting P. J., Johnston, Adel, Wenzel and MacCrate, JJ., concur. [See *post*, p 1077.]