**COHEN v. LA VIN et al.**

No. 163, Docket No. 22929.

United States Court of Appeals Second Circuit.

Argued Jan. 8, 1954.

Decided Feb. 10, 1954.

Leo E. Sherman, New York City, for appellants.

Saltman, Weiss & Connors, Bridgeport, Conn., and Meyer Kraushaar, New York City, for appellee.

Before CHASE, Chief Judge and CLARK, Circuit Judge and GIBSON, District Judge.

CHASE, Chief Judge.

This suit is one of several in which Edwin R. LaVin, who is the son of appellant Angy R. LaVin and the brother of appellant Russell Craig LaVin, have been involved over their respective rights as stockholders in a New York corporation, Sanford Hotel Corp., which owns the Sanford Hotel in Flushing, N. Y. The litigation need not now be described more than to say that it has been the result of efforts by Edwin R. LaVin to subject the appellants to accountability for alleged mismanagement and misappropriation of the property of the corporation.

After a suit Edwin R. LaVin brought in the district court for the Southern District of New York was dismissed for lack of jurisdiction, Lavin v. Lavin, 2 Cir., 182 F.2d 870, he brought a derivative stockholder's suit in the state court, Supreme Court, Queens County, where the hotel was located. In this suit the corporation made no appearance and judgment on its default was entered. Service upon these appellants was vacated. La Vin v. La Vin, 279 App.Div. 590, 107 N.Y.S.2d 100.

He then moved in the suit in the state court, on notice to the New York Attorney General, under Section 162 of the New York General Corporation Law for the appointment of a temporary receiver. The motion was granted and a motion to vacate the order was denied. This order was affirmed. La Vin v. La Vin, 279 App.Div. 589, 107 N.Y.S.2d 101. A motion to strike the default and permit the corporation to answer was granted but that was reversed on appeal. 279 App.Div. 873, 110 N.Y.S.2d 240.

This temporary receiver then brought the instant action against the appellants to recover for mismanagement and misappropriation of the property of the corporation including fees paid Sherman for legal services. He also sued Sherman in the Supreme Court, New York County, New York. The state suit was dismissed and that order was affirmed. Cohen v. Sherman, 279 App.Div. 939, 111 N.Y.S.2d 439.

The appellants then moved to dismiss this suit and the appellee moved for judgment by default or, in the alternative, for summary judgment. The default was lifted but the plaintiff's motion for summary judgment on the second, third, fourth and twenty-first claims in the complaint was granted. The first three of the claims just mentioned were for the delivery to the receiver of property of the corporation, consisting of certain bonds and policies of insurance on corporate property, and an escrow agreement under which corporate property was held by a third party. The other claim was for the turnover of corporate books and records.

■■ The defendants appealed from this summary judgment on part of the claims in suit and, a determination pursuant to Rule 54(b) F.R.C.P., 28 U.S.C., having been made by the court, the judgment is to be treated as final for purposes of appeal. The sole issue is whether the appellee, as a temporary receiver appointed by the New York court, had capacity to sue at least on the claims on which the summary judgment was entered. If so, there is diversity jurisdiction under Title 28, § 1332 U.S.C., the appellants being domiciled in Connecticut, the appellee in New York, and the requisite amount in controversy having been made to appear. Bullard v. City of Cisco, 290 U.S. 179, 54 S.Ct. 177, 78 L. Ed. 254.

It should be noticed that the judgment entered was only for the turnover of corporate property, books and papers from the possession of the appellants to that of the appellee. Though the appellee has no title, he does have authority by virtue of his appointment under Section 162 of the New York Corporation Law, McK.Consol.Laws, to receive the property of the corporation to be held subject to the order of the court, and to maintain suit to obtain the pos-

session of such property. Bien v. Bixby, 18 Misc. 415, 41 N.Y.S. 433; Nealis v. American Tube & Iron Co., 150 N.Y. 42, 44 N.E. 944. That being so, he may maintain such a suit in a foreign jurisdiction, Bernheimer v. Converse, 206 U.S. 516, 27 S.Ct. 755, 51 L.Ed. 1163, and the order of appointment by virtue of which his authority to sue is conferred cannot be attacked collaterally. Grant v. A. B. Leach & Co., 280 U.S. 351, 50 S.Ct. 15, 74 L.Ed. 1178.

Under Rule 17(b) F.R.C.P. no ancillary appointment to sue in a federal district court is required provided the receiver could have sued in a court of the state in which the federal district is located. Bicknell v. Lloyd-Smith Co., 2 Cir., 109 F.2d 527. There being no Connecticut creditors adversely affected, the Connecticut courts would as a matter of comity allow the receiver to bring the suit without an ancillary appointment, cf. Flaacke v. Winona Mills Co., 104 Conn. 665, 134 A. 265; Cooke v. Town of Orange, 48 Conn. 401, and it therefore follows that he had standing to bring this suit.

Judgment affirmed.