### In the Matter of UNIVERSAL TRAVEL & AUTO SPORTS SHOW, Inc., Bankrupt.

United States District Court
S. D. New York.
June 15, 1956.

785

Louis J. Weinshenker, New York City, for trustee.

Alexander H. Rackmore, New York City, for respondent.

WEINFELD, District Judge.

Petitioners seek to review a Referee's order which granted the trustee's application to restrain an action commenced by petitioners in the New York State Supreme Court against the Universal Travel & Auto Sports Show, Inc. (hereinafter called "Universal" or the bankrupt) and which denied a cross motion to join the trustee as a party defendant.

Petitioners commenced their action on February 10, 1955 alleging a fraudulent conveyance to Universal by other defendants who were debtors of petitioners. Petitioners had no dealings with Universal but the complaint alleges its incorporation as a conduit to receive, and its receipt without consideration of, certain assets allegedly belonging to the other defendants for the purpose of defeating plaintiffs' right as creditors.

On February 25, 1955 on plaintiffs' application a receiver pendente lite was appointed in the state court action who received from Madison Square Garden Corporation a sum of money representing the proceeds of an exhibition conducted on its premises by the bankrupt. However a day earlier, February 24, 1955, the Sheriff duly levied upon such proceeds by virtue of an execution issued under a judgment in favor of a judgment creditor of the bankrupt. On May 13, 1955 Universal was duly adjudged a bankrupt upon the filing of a voluntary petition. In September, 1955 the state court receiver turned over to the trustee in bankruptcy the funds in his possession and on September 14, 1955 petitioners filed a claim based upon the identical facts relied upon in the state court action and asserted priority of payment and a lien in their favor superior to the trustee and creditors of the bankrupt estate.

Petitioners' contention is based upon an erroneous assumption that they acquired a valid lien in the state court action. Neither the mere filing of the action [1] nor the appointment of a receiver pendente lite whose function was "limited to the care and preservation of the property committed to his charge"[2] created any lien in favor of them. Moreover, a judgment creditor of the bankrupt who had levied under an execution obtained a lien which antedates the appointment of the receiver. The trustee in his petition alleges he is seeking to preserve such lien for the benefit of the estate.

Cases cited by the petitioners are readily distinguishable.

The petition to review is denied and the order of the Referee is upheld.

1. Libman-Spanjer Corp. v. Royal Hall, Inc., 146 Misc. 348, 263 N.Y.S. 98; 4 Remington on Bankruptcy (5th ed.) § 1613.
2. Sigua Iron Co. v. Brown, 171 N.Y. 488, 494, 64 N.E. 194, 196. See also Decker v. Gardner, 124 N.Y. 334, 26 N.E. 814, 11 L.R.A. 480; Cohen v. Sherman, 279 App. Div. 939, 111 N.Y.S.2d 439.